# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 01-3465

_____

Kathy S. Hildebrand,                    *
                                        *
            Appellant,                  *
                                        *    Appeal from the United States
    v.                                  *    District Court for the
                                        *    Northern District of Iowa.
Jo Anne B. Barnhart,                    *
Commissioner of Social Security         *
                                        *
            Appellee.                   *

_____

Submitted: June 10, 2002

Filed:   September 11, 2002

_____

Before MORRIS SHEPPARD ARNOLD, HEANEY and MURPHY, Circuit Judges.

_____

HEANEY, Circuit Judge.

Kathy S. Hildebrand applied for disability benefits and Supplemental Security Income (SSI) in December 1994, alleging inability to work since January 1, 1994. The Commissioner of the Social Security Administration denied Hildebrand's claim initially and upon reconsideration. Hildebrand then filed a request for hearing by an Administrative Law Judge (ALJ), which was granted. Initially, this administrative hearing was continued in order for Hildebrand to obtain counsel. However, when the

second hearing date arrived and Hildebrand was still without the benefit of counsel, she agreed to proceed unrepresented. Following a short hearing, the ALJ denied Hildebrand's claim and the Appeals Counsel sustained the ALJ's decision. Subsequently, the district court affirmed the ALJ's decision and dismissed Hildebrand's claim. She now appeals, and we remand for further development of the record.[1]

BACKGROUND

Hildebrand was born on July 15, 1954. She has earned a bachelor's degree and has worked in the past as a food service worker, cashier, counselor, office telephone worker, salesperson, and dietary clerk. She suffers from endometriosis, depression, panic disorder, and other mental problems. She is also a recovering heroin addict. For an extended period of time, she has been involved in methadone replacement therapy to control her addiction. She takes prescribed medication to control the symptoms of her ailments, but maintains that she has not used illegal drugs for many years.

During the administrative hearing in this matter, the ALJ took testimony from Hildebrand and her friend, Dennis Dieken. Following the testimony from these two witnesses, the ALJ noted the allegations of Hildebrand's drug addiction, and recognized additionally that Hildebrand was indeed disabled. Rather than decide whether Hildebrand was entitled to relief, the ALJ continued the hearing and requested that Hildebrand submit to a psychological evaluation in order to more fully develop the record. These examinations were never completed. Rather, the ALJ

---

[1]It has come to the Court's attention that on February 5, 1999, Hildebrand again applied for disability benefits. Hildebrand was granted disability benefits as a result of this application. Consequently, our decision shall only apply to the period between her January 1, 1994 application and her more recent successful application date.

2

decided against Hildebrand, finding that she would not be disabled independent of her alcoholism[2] and drug addiction.

## DISCUSSION

We review the Commissioner's decision to deny Social Security benefits to determine if the decision is supported by substantial evidence on the whole record. Reeder v. Apfel, 214 F.3d 984, 986-87 (8th Cir. 2000). In undertaking this analysis, our court "should neither consider a claim de novo, nor abdicate its function to carefully analyze the entire record." Wilcutts v. Apfel, 143 F.3d 1134, 1136 (8th Cir. 1998).

Administrative hearings are not adversarial hearings. Cox v. Apfel, 160 F.3d 1203, 1209 (8th Cir. 1998.) Accordingly, the ALJ, on behalf of the Commissioner, is charged with the duty of fully and fairly developing the facts of the case. Id. This duty is enhanced when the claimant is without the benefit of counsel. Id. Where the ALJ fails to fully develop the record, this court may remand for the taking of further evidence. Payton v. Shalala, 25 F.3d 684, 686 (8th Cir. 1994).

A claimant is not entitled to disability benefits where alcoholism or drug addiction materially contributes to the claimant's disability. 42 U.S.C. § 423 (d)(2)(C) (2002). Where medical evidence of a claimant's drug addiction exists, the Commissioner must determine if the addiction is a material factor in the claimant's disability. See Rehder v. Apfel, 205 F.3d 1056, 1059-60 (8th Cir. 2000); 20 CFR § 404.1535 (2002). If the Commissioner determines that the claimant would still be disabled absent alcoholism or drug addiction, the claimant is then entitled to benefits. Id.

_____

[2]Our review of the record revealed no evidence to support the ALJ's determination of Hildebrand's alleged alcoholism.

3

Here, the ALJ was aware that Hildebrand had a past addiction to heroin. There was also evidence that Hildebrand had, during a recent stay at a hospital, admitted to staff that she had used controlled substances that week.[3] However, the ALJ's decision is devoid of any analysis regarding any current *addiction* to account for Hildebrand's disability. The ALJ makes reference to medical reports that state Hildebrand had not been drug free her entire adult life. The ALJ failed, however, to develop the record so as to determine exactly what being "drug free" meant to the author of these medical reports. This is of particular import in light of Hildebrand's numerous prescription medications and her reliance on methadone to control the physical effects of her heroin addiction. Moreover, there is evidence in the record of at least four urinalyses performed during the period in question, none of which revealed the presence of any controlled substance.

With a medical history like Hildebrand's, a medical report stating that she has not been "drug free" could simply mean that she was still relying on her prescription medication to function. In fact, this interpretation is consistent with the urinalysis results in the record. At this point, however, we do not have sufficient information to find in Hildebrand's favor. Rather, we remand this matter to the Commissioner for another hearing to more fully develop the record, paying particular attention to whether there is evidence in the record that Hildebrand has a current addiction that contributes to her disability, and if so, what precisely that addiction involves.

---

[3]The record is not clear as to exactly what Hildebrand admitted to using. Some hospital records indicate she admitted using marijuana and methamphetamines (commonly referred to as "crank"), while others state that she used crack cocaine. However, no test results were introduced to confirm the presence of any of these substances. We leave this issue for the ALJ to resolve upon remand.

CONCLUSION

For the reasons stated above, we reverse and remand the matter for proceedings consistent with this opinion.

A true copy.

Attest:

CLERK, U. S. COURT OF APPEALS, EIGHTH CIRCUIT.