# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 03-1853

_____

Angela M. DiMasse,

        Appellant,

v.

Jo Anne B. Barnhart, Commissioner,
Social Security Administration,

        Appellee.

\*   Appeal from the United States
\*   District Court for the
\*   District of South Dakota

\*     [UNPUBLISHED]

_____

Submitted: December 1, 2003

Filed: January 22, 2004

_____

Before RILEY, McMILLIAN, and SMITH, Circuit Judges.

_____

PER CURIAM.

Angela DiMasse appeals from the final judgment entered in the District Court for the District of South Dakota affirming the Commissioner's denial of disability insurance benefits and supplemental security income. For reversal DiMasse argues the administrative law judge (ALJ) erred in (1) rejecting the opinion of her treating psychiatrist that she is unable to work, (2) rejecting the opinions of her treating physicians that she must lie down to rest during an eight-hour work day, and (3) discrediting her subjective complaints and failing to consider that her

psychological impairments aggravated her perception of pain. For the reasons discussed below, we remand for further development and reexamination of the record.

After a hearing, the ALJ found that DiMasse suffered from multi-directional instability of the left shoulder, status post cervical fusion, and a combination of affective, somatoform, and anxiety-related disorders, which constituted severe impairments, but not of listing-level severity; that her complaints about her symptoms and limitations were not persuasive; and that Dr. Manlove, her psychiatrist, gave an inconsistent report of her psychological impairments, and he was not a "treating source" under the regulations. The ALJ further found that while DiMasse could not perform her past relevant work or the full range of light work, she had the physical residual functional capacity (RFC) to perform such jobs as general cashier, kitchen helper, and garment sorter, and that she therefore was not disabled. After an order by the district court, the ALJ issued a psychiatric review technique form, although we note the record contains no mental RFC assessment.

Contrary to DiMasse's argument, substantial evidence supported the ALJ's rejection of her treating physicians' comments (given in response to her attorney's inquiries) that she needed to lie down to rest during the work day. We agree, however, that the ALJ erred in rejecting Dr. Manlove's opinion that DiMasse was "not capable of full time substantial gainful employment."

First, the ALJ mischaracterized Dr. Manlove's report by misstating some of his conclusions and by improperly speculating as to Dr. Manlove's interpretation of psychological tests. See Nevland v. Apfel, 204 F.3d 853, 858 (8th Cir. 2000) (ALJ may not draw upon his own inferences from medical reports). Second, the ALJ improperly determined that Dr. Manlove was not a treating source. Under the regulations, a "treating source" is a physician, psychologist, or other acceptable medical source who has an "ongoing treatment relationship" with the claimant, i.e., the claimant has seen the physician "with a frequency consistent with accepted

medical practice" for the condition. The regulations provide that "[we] may consider an acceptable medical source who has treated or evaluated you only a few times or only after long intervals (e.g., twice a year) to be your treating source if the nature and frequency of the treatment or evaluation is typical for your condition(s)." See 20 C.F.R. § 404.1502. Dr. Manlove treated DiMasse for three years, seeing her twice in 1996, twice in 1997, once in 1998, and seven times in 1999; and his lengthy report showed significant familiarity with her history and condition. These facts put Dr. Manlove squarely within the definition of treating source.

Because Dr. Manlove was a treating source, the ALJ should have adopted his opinion unless it was not well supported or it was inconsistent with other evidence in the record. See 20 C.F.R. § 404.1527(d)(2); Social Security Ruling 96-2p, 1996 WL 374188 at *3 (Social Security Administration, July 2, 1996). Furthermore, because Dr. Manlove was the only physician to report on DiMasse's psychological impairments, disregarding his opinion left no medical evidence in the record on the issue. See Hildebrand v. Barnhart, 302 F.3d 836, 838 (8th Cir. 2002) (court may remand for taking of further evidence where ALJ fails to develop record fully); Haley v. Massanari, 258 F.3d 742, 749 (8th Cir. 2001) (reversible error for ALJ not to order consultative examination where such evaluation is necessary to make informed decision); Pratt v. Sullivan, 956 F.2d 830, 834 (8th Cir. 1992) (per curiam) (reversible error for ALJ to substitute his own conclusions for diagnosis of examining psychiatrist).

Accordingly, we remand to the district court with instructions to remand to the Commissioner for reevaluation of the record, giving credence to Dr. Manlove's opinion as a treating source, and reconsidering DiMasse's subjective complaints of pain in light of her mental impairments.

_____