Kimberly CECIL, Plaintiff,

v.

Michael J. ASTRUE, Commissioner of Social Security, Defendant.

No. 4:07–cv–142 RWP–TJS.

United States District Court, S.D. Iowa, Central Division.

May 14, 2008.

---

249. *D'Arbonne Const. Co., Inc. v. Foster*, 354 Ark. 304, 123 S.W.3d 894 (2003).

250. Doc. No. 653.

_____

Maureen McGuire, U.S. Attorney's Office, Des Moines, IA, for Defendant.

H. Edwin Detlie, Jr., Detlie Law Office, Ottumwa, IA, for Plaintiff.

## ORDER

ROBERT W. PRATT, Chief Judge.

Plaintiff, Kimberly Cecil, filed a Complaint in this Court on April 5, 2007, seeking review of the Commissioner's decision to deny her claim for Social Security benefits under Title II and Title XVI of the Social Security Act, 42 U.S.C. §§ 401 *et seq.* and 1381 *et seq.* This Court may review a final decision by the Commissioner. 42 U.S.C. § 405(g).

Plaintiff filed applications for benefits on March 23, 2004. Tr. at 84–86 & 393–95. After the applications had been denied initially and on reconsideration, Plaintiff requested a hearing before an Administrative Law Judge. A hearing was held on April 19, 2006, before Judge George Gaffaney (ALJ). Tr. at 428–61. The ALJ issued a Notice of Decision—Unfavorable on September 28, 2006. Tr. at 14–34. The Appeals Council declined to review the ALJ's decision on March 31, 2007. Tr. at 8–11. After the case had been fully briefed, counsel submitted documentation supporting his statement that Plaintiff was awarded benefits on a subsequent application with an onset date of September 29, 2006. Counsel also informed the Court that Plaintiff died February 8, 2008, and that her daughter, Heather Bradley, had filed the necessary forms to succeed her mother as the party of interest in the instant claim. Clerk's 10.

In his decision, the ALJ found that Plaintiff was disabled but that drug usage was a material factor to the determination of disability. For that reason, Plaintiff was not disabled nor entitled to the benefits for which she applied. Tr. at 34.

## DISCUSSION

We review the ALJ's factual conclusions to determine whether substantial evidence on the record as a whole supports his decision. *Hildebrand v. Barnhart,* 302 F.3d 836, 838 (8th Cir.2002). We do not defer to the ALJ's legal conclusions. *See Hutchison ex rel. Hutchison v. Chater,* 99 F.3d 286, 288 (8th Cir.1996); *Howard ex rel. Wolff v. Barnhart,* 341 F.3d 1006, 1014–15 (9th Cir.2003); *Binion ex rel. Binion v. Chater,* 108 F.3d 780, 782 (7th Cir.1997); *Cornelius v. Sullivan,* 936 F.2d 1143, 1145–46 (11th Cir.1991) *Brueggemann v. Barnhart,* 348 F.3d 689, 692 (8th Cir.2003.)

In short, a reviewing court should neither consider a claim de novo, nor abdicate its function to carefully analyze the entire record. *Wilcutts v. Apfel,* 143 F.3d 1134, 1136–37 (8th Cir.1998) citing *Brinker v. Weinberger,* 522 F.2d 13, 16 (8th Cir.1975).

In *Brueggemann,* 348 F.3d at 693, the Court wrote:

Since certain 1996 amendments to the Social Security Act, if alcohol or drug abuse comprises a contributing factor material to the determination of disability, the claimant's application must be denied. 42 U.S.C. § 423(d)(2)(C); 20 C.F.R § 404.1535.[FN1] The burden of proving that alcoholism was not a contributing factor material to the disability determination falls on Brueggemann.

*Estes v. Barnhart,* 275 F.3d 722, 725 (8th Cir.2002), *citing Mittlestedt v. Apfel,* 204 F.3d 847, 852 (8th Cir.2000). However, the ALJ retains the responsibility of developing a full and fair record in the non-adversarial administrative proceeding. *Hildebrand,* 302 F.3d at 838.

---

FN1. The relevant statutory provision states, "An individual shall not be considered to be disabled for purposes of this subchapter if alcoholism or drug addiction would (but for this subparagraph) be a contributing factor material to the Commissioner's determination that the individual is disabled." 42 U.S.C. § 423(d)(2)(C).

If the ALJ is unable to determine whether substance use disorders are a contributing factor material to the claimant's otherwise-acknowledged disability, the claimant's burden has been met and an award of benefits must follow. *See* Social Security Administration Emergency Teletype, No. EM–96–94 at Answer 29 (Aug. 30, 1996), *quoted in Fastner v. Barnhart,* 324 F.3d 981, 986 (8th Cir.2003); Dru Stevenson, *Should Addicts Get Welfare?: Addiction & SSI/ SSDI,* 68 Brook. L.Rev. 185, 194 & nn. 47–49 (2002). In colloquial terms, on the issue of the materiality of alcoholism, a tie goes to Brueggemann.

The Court, at 694, went on to quote 20 C.F.R. § 404.1535(a): "If we find that you are disabled and have **medical evidence of your drug addiction** or alcoholism, we must determine whether your drug addiction or alcoholism is a contributing factor material to the determination of disability" (emphasis added).

Only after the ALJ has made an initial determination that 1) Brueggemann is disabled, 2) determined that drug or alcohol use is a concern, and 3) obtained substantial evidence on the record showing what limitations would remain in the absence of alcoholism or drug addiction, may he then reach a conclusion on whether Brueggemann's substance use disorders are a contributing factor material to the determination of disability. If this process proves indeterminate, an award of benefits must follow.

*Id.* at 695.

In applying the aforementioned law to the facts of the case at bar, the Court cannot find substantial evidence on this record as a whole to support the ALJ's factual finding that drug addiction is a material contributing factor to Plaintiff's disability. The ALJ based his finding on the fact that Plaintiff told some mental health providers that she had used methamphetamine in the past. On August 13, 2004, Plaintiff told Dawn Combites, MSW, LISW that "she use to be involved in methamphetamines in her 20s. She states she does not use drugs and/or alcohol at this time." Tr. at 338. On September 2, 2005, she told psychiatrist Carolyn L. Seifert, M.D., "that she has used methamphetamine in the past, with her last use having been four months ago." Tr. at 385. Neither Ms. Combites not Dr. Seifert diagnosed an addiction disorder. Neither recommended drug abuse treatment. Neither provided any evidence whatsoever that Plaintiff's drug usage contributed in anyway to her disability. While Plaintiff admitted to the ALJ that she had, at times, used methamphetamine on a daily basis, the ALJ is not qualified to make medical diagnoses. *See Rohan v. Chater,* 98 F.3d 966, 970 (7th Cir.1996) ( . . . this court has counseled on many occasions, ALJs must not succumb to the temptation to play doctor and make their own independent medical findings.)

Dr. Seifert opined that Plaintiff was unable to work:

It is my opinion, based upon a reasonable degree of medical and psychiatric certainty, that Ms. Kim Cecil is not capable of employment in any setting at this time, nor has she been for several

years. She has too many cognitive, emotional and pain symptoms to be able to function in any meaningful way. Also, the stress of employment would likely exacerbate her physical and psychiatric symptoms. It would be a gross injustice to deny this woman SSI or disability.

Tr. at 388. Prasad Mikkilineni, M.D. of Psychiatric Associates, stated that Plaintiff carries a diagnosis of Panic Attacks with Agoraphobia, R/O Major depression, recurrent type in partial remission, and stated that Plaintiff was not capable of employment due to her need for constant care and treatment. Tr. at 380. There is no evidence in this record that Plaintiff is not disabled by her psychiatric impairments. Nor, is there any medical evidence that Plaintiff's psychiatric impairments are connected to meth amphetamine use. The ALJ's findings are supported only by his conjecture, rather than substantial evidence.

In this case, the ALJ made the initial determination that Plaintiff was disabled and, he determined that drug use was a concern. The ALJ did not, however, obtain substantial evidence on the record showing what limitations would remain in the absence of drug addiction. Therefore, the finding that drug addiction is a contributing factor material to the determination of disability is not supported by substantial evidence on the record as a whole.

### CONCLUSION AND DECISION

While there is some substantial evidence that Plaintiff has used methamphetamine, sometimes on a daily basis, *substantial evidence on the record as a whole* does not support the finding that drug addiction is a contributing factor material to the determination of disability. *See Gavin v. Heck-*

ler, 811 F.2d 1195, 1199 (8th Cir.1987) discussing the difference between "substantial evidence" and "substantial evidence on the record as a whole."

It is the holding of this Court that the Commissioner's decision is not supported by substantial evidence on the record as a whole. The case is reversed and remanded for payment of benefits.

The judgment to be entered will trigger the running of the time in which to file an application for attorney's fees under 28 U.S.C. § 2412(d)(1)(B) (Equal Access to Justice Act). *See also, McDannel v. Apfel,* 78 F.Supp.2d 944 (S.D.Iowa 1999) (discussing, among other things, the relationship between the EAJA and fees under 42 U.S.C. § 406 B), and LR 54.2(b)[1]. *See also, Gisbrecht v. Barnhart,* 535 U.S. 789, 122 S.Ct. 1817, 1821, 152 L.Ed.2d 996 (2002); *Mitchell v. Barnhart,* 376 F.Supp.2d 916 (S.D.Iowa 2005).

IT IS SO ORDERED.

---

1. N.B. Counsel is reminded that LR 54.2(b), states that an EAJA application "must specifically identify the positions taken by the government in the case that the applicant alleges were not substantially justified."