**S.L. LEE, Plaintiff-Appellant,**

v.

**Louis W. SULLIVAN, M.D., Secretary of Health and Human Services, Defendant-Appellee.**

**No. 92-1570.**

United States Court of Appeals, Seventh Circuit.

Argued Dec. 9, 1992.

Decided March 17, 1993.

Thomas H. Bush (argued), Scott Phillips, Milwaukee, WI, for S.L. Lee.

Stephen J. Liccione, Asst. U.S. Atty., Milwaukee, WI, Denise McDuffie Martin (argued), Dept. of Health and Human Services, Region V, Office of Gen., Counsel, Chicago, IL, for Louis W. Sullivan, M.D. Secretary of Health and Human Services.

Before POSNER and EASTERBROOK, Circuit Judges, and WOOD, Jr., Senior Circuit Judge.

HARLINGTON WOOD, Jr., Senior Circuit Judge.

This is an appeal from a decision by the Secretary of Health and Human Services ("Secretary") that plaintiff-appellant S.L. Lee is not entitled to disability insurance benefits and supplemental security income disability benefits. Lee commenced an action in the Eastern District of Wisconsin after the Secretary's denial. The district court granted the Secretary's motion for summary judgment disposing of the case. We affirm.

## I.

Lee, because of back and leg pain and a mental disorder, first filed for disability benefits on January 29, 1982. After denial on November 26, 1984, he applied a second time for benefits. This application was also denied initially and on reconsideration. An Administrative Law Judge ("ALJ") held a hearing on December 11, 1985, after which the ALJ decided that Lee was not disabled and could do sedentary and light work. Lee commenced an action in district court, and the court remanded the case to the Secretary. The court found the ALJ had improperly discounted objective medical evidence without adequate explanation and that the ALJ's decision that Lee's mental impairments were not severe was not supported by substantial evidence. The

Secretary assigned Lee's case back to the original ALJ who then held a supplemental hearing. The ALJ again denied Lee benefits after finding his mental impairments were not severe and did not prevent him from performing sedentary and light work in a significant number of jobs.

Lee's disabilities stem from an accident on the job in January 1981. Lee has worked in different construction worker positions since 1967 and was working as a front-end loader when he fractured his left ankle and injured his left thigh and right calf. After several months on leave from work, Lee was injured on the job again by a falling ladder. He has not worked since these injuries. He presently receives worker's compensation benefits.

Lee was born on June 4, 1948, and has a tenth grade education, though tests show he is really at a third or fourth grade level. He is able to read, write, and do some math. His IQ ranges from sixty-nine to seventy-eight. Lee suffers from what some doctors diagnosed as chronic pain syndrome and other emotional disorders like depression and dysthymia.

Lee's medical history has been detailed in both unreported opinions from the district court as well as the ALJ's decision after remand, but we need only briefly summarize it. Lee has seen many different doctors in the years since his injuries and has been assessed at various types of pain management clinics. His primary concerns are chronic pain in his lower extremities and back. Doctors examining Lee have found differing amounts of limitation of movement in his left foot, hips, and spine. The ALJ found Lee has status post fracture of the medial malleolus. A myelogram and CAT scan done in June 1985 showed an extradural disc defect at L4–L5 in his spine and a herniated disc at L5–S1 which impinges on the L5–S1 nerve roots causing pain and numbness in lower extremities.

Lee testified he cannot sit still for more than fifteen or twenty minutes without pain and must move around in a chair to alleviate the pain. He can then sit straight for about one hour. One medical report, however, stated that Lee sat for up to two

hours without complaints or any unusual movements noted. He walks with a slight limp according to some reports and has said that he cannot stand for extended periods of time and must shift his weight to his better side. At a pain management evaluation in 1984, Lee performed the different tests of walking one and one-half miles, running twenty-five yards, sitting for two hours, standing for one hour, and stooping, lifting, and carrying weight. His results were always below normal, though not dramatically so. The ALJ found these tests, and other evidence in the record, showed Lee's complaints were out of proportion to his actual capabilities. Lee's lifestyle is limited to staying at home with infrequent social interactions. He occasionally goes out shopping or driving.

Several doctors have also said that Lee's complaints are out of proportion to his actual physical impairments and have diagnosed that Lee suffers from some mental disorder which prevents him from coping with his pain very well. Doctors have alternatively diagnosed chronic pain syndrome, depression, and dysthymic disorder. One of the doctors who regularly treated Lee for a period stated Lee was entirely disabled from his emotional status. A vocational rehabilitation counselor who evaluated Lee found him disabled for industrial purposes in part because of his preoccupation with pain and inability to cope with it.

A vocational expert testified at the supplemental hearing after the district court's remand stating that Lee could not do his prior heavy, unskilled work as a construction worker. The expert testified in response to a hypothetical question that a person Lee's age with a tenth grade education, average to borderline intellect, and depression who can perform sedentary work with an option for alternate sitting and standing could do a limited number of jobs in the local and national economy. Specifically, such a person could be a cashier in a convenience store, a security guard, and a parking lot attendant. The expert stated there were approximately 1,400 of these positions in the greater Milwaukee metropolitan area which has a work force of 750,000. The expert's opinion did not

change if the person was at a third grade level in reading and math, although if the person was illiterate the number of possible jobs would be halved. If the person did not need a sit/stand option, the number of jobs increased by 9,000 because assembly and packaging jobs could be included, even if the person was illiterate.

## II.

We must affirm the Secretary's finding of not disabled if substantial evidence supports this finding. *Walker v. Bowen,* 834 F.2d 635, 639 (7th Cir.1987). We do not actually review whether Lee is disabled, but whether the Secretary's finding of not disabled is supported by substantial evidence. *Id.* at 640. Substantial evidence is " 'more than a mere scintilla. It means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion.' " *Richardson v. Perales,* 402 U.S. 389, 401, 91 S.Ct. 1420, 1427, 28 L.Ed.2d 842 (1971) (citation omitted).

Under the Social Security Act, a plaintiff must be disabled in order to be eligible for benefits. Disability means an "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months." 42 U.S.C. § 423(d)(1)(A). An individual is under a disability "only if his physical or mental impairments are of such severity that he is not only unable to do his previous work but cannot, considering his age, education, and work experience, engage in any other kind of substantial gainful work which exists in the national economy ... in significant numbers either in the region where such individual lives or in several regions in the country." *Id.* § 423(d)(2)(A). Once it is determined the claimant cannot perform his or her prior work, the burden shifts to the Secretary to show the claimant can engage in some other type of substantial gainful employment. *Bauzo v. Bowen,* 803 F.2d 917, 923 (7th Cir.1986).

■ When a claimant for disability benefits cannot be found disabled based upon medical considerations alone, the Social Security Administration has established the Medical–Vocational Guidelines in order to assess a claimant's ability to engage in substantial gainful activity. *See* 20 C.F.R. Part 404, Subpart P, App. 2. These Guidelines, however, are only to be applied when they accurately describe a claimant's abilities and limitations. *Heckler v. Campbell*, 461 U.S. 458, 462 n. 5, 103 S.Ct. 1952, 1955 n. 5, 76 L.Ed.2d 66 (1983). If a claimant's non-exertional limitations restrict the full range of employment opportunities at the level of work that he or she is capable of performing, use of the Guidelines is precluded.[1] *Warmoth v. Bowen*, 798 F.2d 1109, 1110 (7th Cir.1986) (per curiam). When the Guidelines cannot be used to assess whether the claimant is capable of doing substantial gainful activity, other reasonable evidence must be relied upon in order to prove the claimant's employment opportunities are not significantly diminished. *Id.* at 1112. A vocational expert may be used by the Secretary in order to assess whether there are a significant number of jobs in the national economy that the claimant can do. *Id.;* 20 C.F.R. § 404.1566(e).

■ The Secretary must determine if the claimant's impairments are severe; if so, do they meet a medical listing, or do they prevent the claimant from performing other work within the economy. The Secretary determined that Lee's impairments, both physical and mental, were severe, but did not meet any medical listing and did not prevent him from performing other work. The Secretary found Lee has the residual functional capacity to perform the physical exertion and non-exertional requirements of sedentary and light work, except for prolonged standing or walking, lifting beyond fifteen to twenty pounds, repetitive bending, stooping, pushing and pulling and work involving more than simple, unskilled activities.

The Secretary found Lee suffers from mild mental retardation and a dysthymic disorder which, along with additional non-exertional limitations, prevent him from performing the full range of light work. The Secretary particularly was concerned with Lee's mental impairments because of the district court's earlier remand. Lee's marginal intelligence further limited his ability to do complex or detailed types of work. Nevertheless, despite some limitations, the Secretary found Lee could do a significant number of jobs based upon the vocational expert's testimony.

The extensive record adequately supports the Secretary's determination that Lee is not disabled for purposes of social security disability benefits. Lee primarily complains of pain in his back and lower extremities. These complaints are partially supported by objective medical evidence, but several doctors observed that his complaints were out of proportion to his actual pain. The ALJ agreed with this view and found Lee less than credible when he testified about his intense, continual pain. The ALJ found Lee exaggerated his pain and the limitations to his lifestyle it caused.

■ This credibility determination by the ALJ, adopted by the Secretary, is entitled to considerable deference. *Steward v. Bowen*, 858 F.2d 1295, 1302 (7th Cir.1988). Lee experiences some degree of pain, the record is clear on that, the question is whether it prevents him from engaging in any substantial gainful activity. The ALJ found it did not prevent him from performing a full range of sedentary work and some degree of light work. The ALJ believed the numerous inconsistencies in the evidence concerning Lee's lifestyle and physical limitations supported the finding that Lee exaggerated his pain. Based upon our review of the record, we find substantial evidence to support this finding. Our role is not to reweigh any conflicting evidence; so long as reasonable

---

1. A non-exertional limitation affects the mind, vision, hearing, speech, and use of the body to climb, balance, stoop, kneel, crouch, crawl, reach, handle, and use of the fingers for fine activities. Such a limitation does not directly affect the ability to sit, stand, walk, lift, carry, push, or pull. An exertional activity is any of the primary strength activities like sitting, standing, walking, lifting, carrying, pushing, or pulling. Social Security Ruling No. 83–10.

minds may differ, the Secretary's decision will be upheld. *Walker*, 834 F.2d at 640.

The Secretary found that despite Lee's physical and mental limitations, there are a significant number of jobs which he can do. The vocational expert identified three jobs with approximately 1,400 positions that a person with Lee's abilities and limitations could perform. Lee essentially argues 1,400 job positions is not a significant number of jobs, and because his potential occupational base is so limited, he should be found disabled.

■ Lee's contention that 1,400 job positions are not a significant number of jobs is unsupported by case law. In *Hall v. Bowen*, 837 F.2d 272, 275 (6th Cir.1988), the Sixth Circuit found 1,350 positions were a significant number of jobs. In *Barker v. Secretary of Health & Human Services*, 882 F.2d 1474, 1479 (9th Cir.1989), the Ninth Circuit found 1,266 positions were within the parameters of a significant number of jobs. The Tenth Circuit, while refusing to draw any bright line, found 850–1,000 potential jobs were a significant number of jobs in *Trimiar v. Sullivan*, 966 F.2d 1326, 1330–32 (10th Cir.1992). *See also Jenkins v. Bowen*, 861 F.2d 1083, 1087 (8th Cir.1988) (500 jobs are significant number); *Allen v. Bowen*, 816 F.2d 600, 602 (11th Cir.1987) (174 positions are significant number); *Nix v. Sullivan*, 744 F.Supp. 855, 863 (N.D.Ill.1990) (675 jobs are significant number), *aff'd*, 936 F.2d 575 (7th Cir.1991).

### III.

We affirm the district court's grant of the Secretary's motion for summary judgment. We find the Secretary's decision is supported by substantial evidence, and we agree that Lee is capable of performing substantial gainful work which exists in significant numbers in the national economy.

AFFIRMED.