# In the
# United States Court of Appeals
## For the Seventh Circuit
_____

No. 03-1063

LINDA P. BARRETT,

Plaintiff-Appellant,

v.

JO ANNE B. BARNHART, Commissioner of Social Security,

Defendant-Appellee.

_____

Appeal from the United States District Court for the
Western District of Wisconsin.
No. 02-C-303-S—**John C. Shabaz**, Judge.

_____

On Petition for Rehearing

SUBMITTED APRIL 21, 2004—DECIDED MAY 11, 2004

_____

Before POSNER, RIPPLE, and WILLIAMS, Circuit Judges.

PER CURIAM. The government, distressed by one sentence in our opinion in Barrett v. Barnhart, 355 F.3d 1065 (7th Cir. 2004), asks us to change it (the government does not ask us to reconsider our decision, which was adverse to it). The sentence is: "The test [of the plaintiff's entitlement to disability benefits] is whether she is so disabled that there are no jobs in reasonable proximity to where she lives that she is physically able to do." 355 F.3d at 1067 (emphasis added).

It is the phrase that we have italicized that bothers the government, which points out that the law does not require, to defeat a finding of disability, that jobs exist in the immediate area in which the claimant lives. 42 U.S.C. § 423(d)(2)(A) provides that a person is disabled if he cannot do his previous work or "engage in any other kind of substantial gainful work which exists in the national economy, regardless of whether such work exists in the immediate area in which he lives, or whether a specific job vacancy exists for him, or whether he would be hired if he applied for work. For purposes of the preceding sentence (with respect to any individual), 'work which exists in the national economy' means work which exists in significant numbers either in the region where such individual lives or in several regions of the country." That is the language the government would like us to substitute.

Yet in our experience, and, it seems, in that of the other circuits as well, the vocational experts who testify in social security disability cases concerning the availability of jobs that the applicant has the physical ability to perform almost always confine their testimony to indicating the number of such jobs that exist in the applicant's state, or an even smaller area. See, e.g., *Fastner v. Barnhart*, 324 F.3d 981, 985 (8th Cir. 2003); *Johansen v. Barnhart*, 314 F.3d 283, 287 (7th Cir. 2002); *Donahue v. Barnhart*, 279 F.3d 441, 444 (7th Cir. 2002); *Howard v. Commissioner of Social Security*, 276 F.3d 235, 238-39 (6th Cir. 2002); *Dixon v. Massanari*, 270 F.3d 1171, 1179 (7th Cir. 2001); *Clifford v. Apfel*, 227 F.3d 863, 869 (7th Cir. 2000); *Shramek v. Apfel*, 226 F.3d 809, 815 (7th Cir. 2000); *Powers v. Apfel*, 207 F.3d 431, 436 (7th Cir. 2000); *Lee v. Sullivan*, 988 F.2d 789, 792 (7th Cir. 1993); *Ehrhart v. Sec'y of Health & Human Services*, 969 F.2d 534, 540 (7th Cir. 1992). We have found only a few cases in which national numbers alone were cited as a basis for denying benefits. *Kasarsky v. Barnhart*, 335 F.3d 539, 543 (7th Cir. 2003) (per curiam);

*Mayes v. Massanari*, 276 F.3d 453, 458 (9th Cir. 2001); *Harmon v. Apfel*, 168 F.3d 289, 292 (6th Cir. 1999). In practice, the principal significance of the "other regions" language in the statute is to prevent the Social Security Administration from denying benefits on the basis of "isolated jobs that exist only in very limited numbers in relatively few locations outside of the region where [the applicant] live[s]." 20 C.F.R. § 404.1566(b).

Our formulation that the government doesn't like was thus descriptively accurate; it was not intended to alter the statutory standard.

A true Copy:

Teste:

_____
*Clerk of the United States Court of Appeals for the Seventh Circuit*