Joe STREET, Plaintiff,

v.

Jo Anne B. BARNHART Commissioner of Social Security, Defendant.

No. CIV.A. 2:02CV357–W.

United States District Court, M.D. Alabama, Southern Division.

July 27, 2004.

John F. Cameron, Montgomery, AL, for Plaintiff.

Leura Garrett Canary, R. Randolph Neeley, Montgomery, AL, for Defendant.

## MEMORANDUM OPINION

WALKER, United States Magistrate Judge.

### I. Introduction.

In 1996, the plaintiff applied for disability insurance benefits pursuant to Title II of the Social Security Act, 42 U.S.C. § 401 et seq., and for supplemental security income benefits under Title XVI of the Social Security Act, 42 U.S.C. § 1381 et seq., alleging that he was unable to work because of a disability. His application was denied at the initial administrative level, by an administrative law judge (ALJ) after a hearing, and by the Appeals Council. This court reversed the decision in 2000 and remanded the case to the Commissioner for further proceedings. The Appeals Council accordingly vacated the earlier decision and remanded the case to a different ALJ. This ALJ found that the plaintiff had been disabled from June 1, 1996, through February 28, 2001, but not thereafter, and awarded benefits accordingly. The plaintiff appealed the decision to the Appeals Council, which denied review, so that the decision of the ALJ became the decision of the Commissioner.[1] *See Chester v. Bowen,* 792 F.2d 129, 131 (11th Cir.1986). The case is once more before this court for review pursuant to 42 U.S.C. §§ 405(g) and 1631(c)(3).[2] Based on the court's review of the record in this case and the

briefs of the parties, the court concludes that the decision of the Commissioner should be affirmed.

### II. Standard of Review

Under 42 U.S.C. § 423(d)(1)(A), a person is entitled to disability benefits when the person is unable to

> engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months...

However, under 42 U.S.C. § 423(f)(1)(A), benefits may be terminated if there has been (1) a medical improvement in the individual's impairment, which improvement (2) is related to the person's ability to work, and (3) leaves the person able to engage in substantial gainful activity.

To make this determination the Commissioner employs a sequential evaluation process. *See* 20 C.F.R. §§ 404.1594(f); *Allen v. Sullivan,* 1992 WL 443576 at *3 (N.D.Ala. Oct. 30, 1992):

> (1) Is the person presently unemployed?
> (2) If so, does the person have impairments that meet or equal one of the specific impairments set forth in 20 C.F.R. Pt. 404, Subpt. P, App. 1?
> (3) If not, has there been medical improvement resulting in a decrease in medical severity?
> (4) If so, is the improvement related to the person's ability to work? [3]

---

1. Pursuant to the Social Security Independence and Program Improvements Act of 1994, Pub.L. No. 103–296, 108 Stat. 1464, the functions of the Secretary of Health and Human Services with respect to Social Security matters were transferred to the Commissioner of Social Security.

2. Pursuant to 28 U.S.C. § 636(c), the parties have consented to entry of final judgment by

the United States Magistrate Judge (docs. # 6–7, filed April 11, 2002).

3. Other steps in the evaluation involve the exceptions found in 20 C.F.R. 404.1594(d) and (e), such as earlier benefits obtained by fraud and a claimant who cannot be found. However, these exceptions have no relevance to the current case.

(5) If so, is the person's current impairment severe?

(6) If so, is the person unable perform the kind of work he performed in the past?

(7) If so, does the person retain the residual functional capacity to do other jobs that exist in substantial numbers in the national economy?

 The standard of review of the Commissioner's decision is a limited one. This court must find the Commissioner's decision conclusive if it is supported by substantial evidence. 42 U.S.C. § 405(g); *Graham v. Apfel,* 129 F.3d 1420, 1422 (11th Cir.1997). "Substantial evidence is more than a scintilla, but less than a preponderance. It is such relevant evidence as a reasonable person would accept as adequate to support a conclusion." *Richardson v. Perales,* 402 U.S. 389, 401, 91 S.Ct. 1420, 28 L.Ed.2d 842 (1971). A reviewing court may not look only to those parts of the record which supports the decision of the ALJ but instead must view the record in its entirety and take account of evidence which detracts from the evidence relied on by the ALJ. *Hillsman v. Bowen,* 804 F.2d 1179 (11th Cir.1986).

> [The court must] ... scrutinize the record in its entirety to determine the reasonableness of the [Commissioner's] ... factual findings ... No similar presumption of validity attaches to the [Commissioner's] ... legal conclusions, including determination of the proper standards to be applied in evaluating claims.

*Walker v. Bowen,* 826 F.2d 996, 999 (11th Cir.1987).

## III. Issues

### A. *Background.*

The plaintiff was fifty-three years old at the time of the hearing and has a sixth grade education. His prior work experience included work as a painter and mason helper. Following the administrative hearing, the ALJ concluded that the plaintiff had the following severe impairments: coronary artery disease, hypertension, and "status-post quadruple coronary artery bypass." The court nonetheless concluded that the plaintiff was not disabled, because he retained the residual functional capacity to perform work as a food checker, greeter, parking lot attendant, and small parts assembler.

### B. *Issues.*

The plaintiff presents the following issues for review (doc. # 15, filed Oct. 11, 2002):(1) whether the ALJ improperly failed to find that the plaintiff had "severe" mental impairments; (2) whether the ALJ improperly questioned the vocational expert by failing to refer to mental impairments; and (3) whether the ALJ improperly failed to apply the "arduous unskilled physical labor" provision of 20 C.F.R. § 416.962.

## IV. Discussion

### A. *Mental Impairments.*

 As noted by the ALJ, the plaintiff underwent a psychological examination in 1998 (R. 163–66, 201–02, 336–39). The examiner, Dr. Hammack, found that the plaintiff had borderline intellectual functioning (with WAIS–R scores in the high 70's), depression, and anxiety. The examiner concluded that the plaintiff's primary problems were physical, that his depression resulted from these problems, and that he would be a candidate for a Vocational Rehabilitation evaluation "[i]f his medical condition could be stabilized" (R. 165–66). The plaintiff did not list mental impairments among his claims at any time before appealing the decision of the (second) ALJ. He now argues that the ALJ should have found his mental impairments to be "severe," should have listed them in his hypothetical questions to the vocational

expert at the hearing, and committed reversible error when he did not.

With respect to the plaintiff's emotional state, the record is devoid of evidence that the plaintiff's depression lasted, or was expected to last, for twelve months after March 1, 2001, the day the ALJ found his disability ended. On the contrary, Dr. Hammack's report is evidence that plaintiff's depression was *not* expected to last after his physical problems improved (as the ALJ found they did). The court cannot conclude that the ALJ was required to find that this condition lasted until the date of the hearing, and therefore cannot conclude that the ALJ was required to consider plaintiff's depression "severe" or to find the plaintiff disabled on account of it. Instead, he was entitled to disregard plaintiff's depression for purposes of that analyis. *See Iannopollo v. Barnhart*, 280 F.Supp.2d 41, 47–48 (W.D.N.Y.2003); *Pilet v. Apfel*, 20 F.Supp.2d 240, 245 (D.Mass. 1998).

■ The question remains whether the court should require the ALJ to call for a second consultative examination to evaluate the plaintiff's mental state now that his physical condition has improved. Under 20 C.F.R. § 404.1519a(b), the ALJ has complete discretion over consultative testing, and such tests are required only when the record as a whole is not sufficient to support an informed decision. *Reeves v. Heckler*, 734 F.2d 519, 522 n. 1 (11th Cir. 1984). In this case, the record was sufficient. An emergency room report from 1997, before the plaintiff's heart operation (R. 180, 353), stated that the plaintiff had no mood swings or depression, which supported the psychiatric examiner's view that the 1998 depression was secondary to the physical symptoms plaintiff experienced after the operation (R. 165–66). His medications in 2001 included none for symptoms of depression (R. 334). A cardiologist's report in 2000 included a detailed

medical history, with "no history" of depression (R. 421). Indeed, the record is devoid of any diagnosis, treatment, or other evidence of depression after 1998. These facts suggest that the depression Dr. Hammack observed was a temporary phenomenon caused primarily by the severe physical symptoms the plaintiff suffered at that time, and which the ALJ found had abated after February, 2001. The fact that the plaintiff did not before his appeal (whether in his own testimony or through counsel) raise the question of his alleged depression also suggests that he was not suffering significantly from it at the time of the hearing. While the record is not extremely detailed on this subject, the court concludes that it is adequate to support an informed decision. The decision of the ALJ is not due to be reversed to require another evaluation of alleged depression.

■ With respect to the plaintiff's intellectual functioning, the court assumes that his Wechsler IQ scores did not improve after 1998; listing 12.00 of the Listing of Impairments acknowledges that IQ scores tend to stabilize by the age of 16, and the plaintiff's scores at age 49 were quite close to his score at age 12 (R. 188, 337). As the plaintiff notes, the ALJ did not list his low (but not listing-level) IQ as a distinct, "severe" impairment. However, the ALJ did refer to Dr. Hammack's report and the plaintiff's "borderline intellectual functioning" in his report (R. 201–02), and wrote that he had considered the plaintiff's "severe and not severe impairments" in combination in concluding that the plaintiff did not meet or equal any listing in the Listing of Impairments (R. 205). The court concludes that the reference to the test and this language together are sufficient to show that the ALJ did consider the plaintiff's intellectual functioning in making his step (2) determination that the plaintiff did

not meet or equal any listing. *See Jones v. Department of Health and Human Services,* 941 F.2d 1529, 1533 (11th Cir.1991); *Wheeler v. Heckler,* 784 F.2d 1073, 1076 (11th Cir.1986). The plaintiff has alleged no other possible prejudice from the alleged error, and the decision of the ALJ is not due to be reversed on this ground.

■ The government concedes, and the court agrees, that the ALJ should have described the plaintiff's intellectual functioning in his hypothetical questions to the vocational expert. The question remains whether the ALJ's error was reversible or harmless. The court has examined the relevant entries in the Department of Labor's *Dictionary of Occupational Titles,* which includes General Educational Development levels for the occupations listed. The plaintiff's previous work as a Painter, Construction (DOT section 840.381–010) requires level 3 reasoning, level 2 mathematical ability, and level 2 language ability. The ALJ found that plaintiff could work as a food checker (section 211.482–014, level 3 reasoning, level 2 mathematical, level 1 language), parking lot attendant (section 915.473–010, level 2 reasoning, level 1 mathematical, level 1 language), and small products assembler (sections 706.684–022, 739.687–030, level 2 reasoning, level 1 mathematical, level 1 language). The plaintiff, whose intellectual functioning apparently stayed nearly constant over 40 years, was able to work at a job whose mental requirements in all categories exceed those of jobs the ALJ found he could

perform. *See also Lee v. Sullivan,* 988 F.2d 789, 791–94 (7th Cir.1993) (claimant with borderline IQ, 69–78, could perform work as a parking lot attendant); *McGuinness v. Apfel,* 149 F.3d 1169, 1998 WL 276276 at *1 (4th Cir.1998) (claimant with borderline intellectual functioning could perform work as a small products assembler). Accordingly, the court concludes that the ALJ's error was harmless, and the decision of the ALJ is not due to be reversed on this ground.

**B. Arduous Unskilled Physical Labor.**

■ Under 20 C.F.R. § 416.962 ("If you have done only arduous unskilled physical labor"),

> If you have only a marginal education and work experience of 35 years or more during which you did arduous unskilled physical labor, and you are not working and are no longer able to do this kind of work because of a severe impairment(s), we will consider you unable to do lighter work, and therefore, disabled.

The plaintiff argues that this provision applies to his case, so that he should have been found "disabled" by the ALJ as a matter of law. However, the record shows that the plaintiff completed the sixth grade in 1961 (R. 188–89) and ceased work in 1992 (R. 84). Thus, he did not spend thirty-five years in the workforce,[4] and 20 C.F.R. § 416.962 does not apply. The decision of the ALJ is not due to be reversed on this ground.

---

4. The record also creates some doubt as to whether all of his work should be classified as arduous and unskilled; in particular, plaintiff's work as a painter may have been semi-skilled. *See* 20 C.F.R. § 404.1056(a)(3)(i) (listing "painters" among "skilled or semi-skilled workers" in describing agricultural labor). Section 416.962 only applies when *all* of a claimant's work for 35 years is arduous and unskilled. *See* "Titles II and XVI: Medical–Vocational Profiles Showing an Inability

to Make an Adjustment to Other Work," S.S.R. 82–63 (1982) ("To meet the criteria of [20 C.F.R. § 416.962], the person must have a marginal education and long work experience (i.e., 35 years or more) *limited to* the performance of arduous unskilled physical labor...Careful examination of the evidence, including a description of *all jobs* the claimant has held...is necessary to establish whether the individual meets each criterion."(emphasis added)).

## V. Conclusion

The court has carefully and independently reviewed the record, and concludes that the decision of the Commissioner is due to be affirmed.

A separate order will be entered.