# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 02-1486

_____

| | | |
|---|---|---|
| John T. Fastner, | * | |
| | * | |
| Appellant, | * | |
| | * | Appeal from the United States |
| v. | * | District Court for the |
| | * | District of Minnesota. |
| Jo Anne B. Barnhart, | * | |
| Commissioner of Social Security, | * | |
| | * | |
| Appellee. | * | |

_____

Submitted: October 11, 2002
Filed: April 3, 2003

_____

Before MORRIS SHEPPARD ARNOLD, MAGILL, and BYE, Circuit Judges.

_____

MAGILL, Circuit Judge.

John T. Fastner appeals the order of the district court[1] affirming the Commissioner of Social Security's ("Commissioner") denial of Fastner's application for Disability Insurance Benefits under Title II of the Social Security Act, 42 U.S.C. § 423 (2000), and Supplemental Security Income Benefits under the Title XVI of the

---

[1]The Honorable Donovan W. Frank, United States District Judge for the District of Minnesota, adopting the Report and Recommendation of the Honorable Susan Richard Nelson, United States Magistrate Judge for the District of Minnesota.

Social Security Act, id. § 1382. On December 15, 1998, Fastner applied for benefits alleging disability from June 10, 1998, onward. Fastner claimed disabling conditions resulting from a closed head injury he suffered when, in September 1993, he was hit over the head with a tire iron, including seizures, dizziness, lack of coordination, lack of depth perception, numbness in his limbs, short and long term memory loss, loss of concentration, poor strength on his right side, depression, and personality changes. After Fastner's applications were denied initially and upon reconsideration, he requested a hearing before an Administrative Law Judge ("ALJ"). The ALJ found that Fastner was not disabled within the meaning of the Social Security Act and thus was not entitled to benefits. The Appeals Council of the Social Security Administration denied Fastner's request for review, and the ALJ's decision became the final decision of the Commissioner. The district court affirmed the Commissioner's denial of Fastner's application for benefits. For the following reasons, we affirm.

I.

"We review de novo a district court's decision upholding the denial of social security benefits." Lauer v. Apfel, 245 F.3d 700, 702 (8th Cir. 2001). We review the Commissioner's decision to determine whether it is supported by substantial evidence on the record as a whole. Estes v. Barnhart, 275 F.3d 722, 724 (8th Cir. 2002) (citation omitted). "Substantial evidence is less than a preponderance, but enough so that a reasonable mind might find it adequate to support the conclusion." Johnson v. Apfel, 240 F.3d 1145, 1147 (8th Cir. 2001). We may not substitute our judgment for that of the ALJ. See id.

Title II of the Social Security Act provides for payment of insurance benefits to persons who suffer from physical or mental disability. 42 U.S.C. § 423. Title XVI of the Social Security Act provides for payment of disability benefits to indigent persons. Id. § 1382. The Social Security Act defines "disability," in relevant part,

as the "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which . . . has lasted or can be expected to last for a continuous period of not less than 12 months . . . ." Id. §§ 423(d), 416(i). A claimant has the burden of establishing that she is entitled to disability benefits by proving the existence of a disability. Roth v. Shalala, 45 F.3d 279, 282 (8th Cir. 1995) (citing Locher v. Sullivan, 968 F.2d 725, 727 (8th Cir. 1992)). Social security regulations provide a five-step sequential evaluation for determining whether a claimant is disabled. See 20 C.F.R. §§ 404.1520, 416.920 (2002); see also Bowen v. Yuckert, 482 U.S. 137, 140-42 (1987).

Step one asks whether the claimant is engaged in "substantial gainful activity." 20 C.F.R. §§ 404.1520(b), 416.920(b); see also Bowen, 482 U.S. at 140. If she is engaged in substantial gainful activity, disability benefits are denied. 20 C.F.R. §§ 404.1520(b), 416.920(b); see also Bowen, 482 U.S. at 140. If she is not, step two asks whether the claimant has a medically severe impairment or combination of impairments.[2] 20 C.F.R. §§ 404.1520(c), 416.920(c); see also Bowen, 482 U.S. at 140-41. If she does not have a severe impairment or combination of impairments, the disability claim is denied. 20 C.F.R. §§ 404.1520(c), 416.920(c); see also Bowen, 482 U.S. at 141. If the impairment is severe, step three asks whether the impairment is equal to an impairment listed by the Secretary as precluding substantial gainful activity. 20 C.F.R. §§ 404.1520(d), 416.920(d); see also Bowen, 482 U.S. at 141. "If the impairment meets or equals one of the listed impairments, the claimant is conclusively presumed to be disabled." Bowen, 482 U.S. at 141. If the impairment is not one that meets or equals one of the listed impairments, step four asks whether the impairment prevents the claimant from doing work she has performed in the past. 20 C.F.R. §§ 404.1520(e), 416.920(e); see also Bowen, 482 U.S. at 141. If she is able

---

[2]A severe impairment is one that significantly limits the individual's physical or mental ability to meet the basic demands of work activity. 20 C.F.R. §§ 404.1520(c), 404.1521.

to perform her previous work, the claimant is not disabled. 20 C.F.R. §§ 404.1520(e), 416.920(e); see also Bowen, 482 U.S. at 141. If the claimant cannot perform her past work, step five, the final step, asks whether she is able to perform other work in the national economy in view of her age, education, and work experience. 20 C.F.R. §§ 404.1520(f), 416.920(f); see also Bowen, 482 U.S. at 142. If the claimant is able to perform other work, then she is not disabled. 20 C.F.R. §§ 404.1520(f), 416.920(f); see also Bowen, 482 U.S. at 142. If the claimant is not able to perform other work, she is, generally, disabled and entitled to disability benefits. 20 C.F.R. §§ 404.1520(f), 416.920(f); see also Bowen, 482 U.S. at 142.

The Social Security Act, however, proscribes considering a person disabled if alcohol or drug abuse would be "a contributing factor material to the Commissioner's determination that the individual is disabled." 42 U.S.C. § 423(d)(2)(C). "Under both 20 C.F.R. § 404.1535 (disability) and 20 C.F.R. § 416.935 (supplemental security income), the relevant inquiry is 'whether [the Commissioner] would still find you disabled if you stopped using drugs or alcohol.'" Estes v. Barnhart, 275 F.3d 722, 724-25 (8th Cir. 2002). A claimant has the burden of proving that her substance dependency is not a contributing factor material to her claimed disability. Id. at 725 (citing Mittlestedt v. Apfel, 204 F.3d 847, 852 (8th Cir. 2000)).

II.

Applying the five-step sequential analysis, the ALJ found that Fastner was not disabled. At step one, the ALJ determined that Fastner had not engaged in substantial gainful activity since June 10, 1998. At step two, the ALJ found that Fastner had the following severe impairments: organic mental disorder, seizures, anxiety, alcohol dependence, history of closed head injury, headaches, and diminished hearing. At step three, the ALJ found that Fastner's impairments, separately or in combination, did not amount to a listed impairment. At step four, the ALJ determined that Fastner

had the residual functional capacity[3] for light work.[4]  The ALJ found that Fastner's residual functional capacity kept him from performing his past relevant work.

Accordingly, the ALJ moved to step five, at which point the burden shifted to the Commissioner to show that there were a significant number of jobs in the national economy that were consistent with the claimant's medically determinable impairments, functional limitations, age, education, and work experience.  The

---

[3]In determining what a claimant's residual functional capacity is, the Commissioner looks at all of the claimant's impairments to determine what she can still do.  20 C.F.R. §§ 404.1545, 416.945.  Accordingly, the ALJ was considering all of Fastner's impairments in determining his residual functional capacity:  organic mental disorder, seizures, anxiety, <u>alcohol dependence</u>, history of closed head injury, headaches, and diminished hearing.

[4]The ALJ stated that

[b]y definition, light work involves lifting 20 pounds occasionally and 10 pounds frequently.  Although the weight lifted may be very little, a job is in this category when it requires prolonged standing or walking, or when it involves sitting most of the time with some pushing and pulling of arm or leg controls (20 C.F. R. [§§] 404.1567 and 416.967).  Giving appropriate weight to the claimant's allegations, I find that he can lift 20 pounds occasionally and 10 pounds frequently.  He can do no power gripping, twisting, pounding or use foot pedals on the right side.  Nor can he work at unprotected heights, ladders, scaffolds or around dangerous or moving machinery.  The work must involve simple, routine and repetitive tasks where the instructions are given primarily by visual demonstration.  The claimant is restricted to a low-stress environment which requires minimal standards for production and pace and features brief and superficial contact with co-workers, supervisors and the public.  An additional limitation is that the work must be performed in an alcohol-free environment (20 C.F.R. [§§] 404.1545 and 416.945).

R. at 27.

-5-

vocational expert testified and the ALJ found that a hypothetical individual with Fastner's age, vocational profile, and residual functional capacity could perform a significant number of jobs in the regional economy, including packaging, parts inspector or production tester, and material handler. Even considering the narrow range of work Fastner was capable of performing, the ALJ found that the Commissioner had shown that there were a significant number of jobs that existed in the state economy for Fastner. Thus, the ALJ determined that, according to the five-step sequential analysis, Fastner was not disabled during any time for which he claims entitlement to benefits.

During the ALJ's discussion of step four, specifically, her determination of Fastner's residual functional capacity, the ALJ stated that

> payment of benefits cannot be made to a claimant if alcoholism is a contributing factor material to a finding of disability. The medical expert testified that the claimant's alcohol abuse is indeed, a contributing factor material to the determination of disability in this case.

R. at 25. In her findings, the ALJ followed the five-step analysis, taking into account Fastner's alcohol dependence in determining his severe impairments, his residual functional capacity, and whether there was work for him in the national economy. R. at 29-31 (noting, for example, that Fastner's residual functional capacity was limited by the fact that he should work in an alcohol-free environment). At the end of this analysis, the ALJ concluded that Fastner was not "under a 'disability,' as defined by the Social Security Act, at any time through the date of this decision." R. at 31. The ALJ went on to find that "[t]he medical evidence establishes that alcoholism is a contributing factor material to the determination of disability. The claimant would not be disabled by his other impairments if he stopped using alcohol." Id.

III.

Fastner presents three arguments on appeal. First, Fastner contends that the ALJ applied the wrong legal standard in its determination that his alcohol abuse was a factor material to a finding of disability. Second, Fastner complains that the ALJ did not consider all medical evidence submitted by treating and examining physicians and failed to evaluate the medical finding under the "treating physician" standards. Third, Fastner argues that the ALJ failed to pose a complete and precise hypothetical to the vocational expert.

A.

We need not resolve Fastner's claim that the ALJ failed to apply the correct legal standard with regard to his alcohol abuse. The ALJ applied 20 C.F.R. §§ 404.1535(b) and 416.935(b) to determine that Fastner's alcohol abuse would be a material factor to a finding of disability. Fastner claims that the regulations were not properly applied because an Emergency Teletype, No. EM-96-94,[5] issued on August 30, 1996, by the Social Security Administration ("SSA") to all adjudication

---

[5] The Emergency Teletype provides that

[t]here will be cases in which the evidence demonstrates multiple impairments, especially cases involving multiple mental impairments, where the [medical consultant/psychological consultant ("MC/PC")] cannot project what limitations would remain if the individuals stopped using drugs/alcohol. In such cases, the MC/PC should record his/her findings to that effect. Since a finding that [drug or alcohol addiction ("DAA")] is material will be made only when the evidence establishes that the individual would not be disabled if he/she stopped using drugs/alcohol, the [disability examiner] will find that DAA is not a contributing factor material to the determination of disability.

J.A. at 38.

components of the agency, clearly states the position of the SSA with respect to his case. However, what Fastner fails to recognize is that the ALJ's determination with regard to his alcoholism was unnecessary in this case.

The ALJ's five-step analysis, which included Fastner's alcohol dependence as an impairment, resulted in the conclusion that Fastner was not disabled. In other words, incorporating Fastner's alcohol abuse as an impairment into the disability determination resulted in a finding that he was not entitled to benefits. Then the ALJ noted that alcohol would be a contributing factor material to the disability determination and that, absent alcohol abuse, Fastner's other impairments would not be disabling. The ALJ failed to make clear that it found, even considering Fastner's alcohol abuse as an impairment, that the sum of Fastner's impairments did not amount to disability within the meaning of the Social Security Act.

Section 423(d)(2)(C) categorically removes individuals whose alcohol or drug abuse is a contributing factor material to a finding of disability from eligibility for benefits under the Act. 42 U.S.C. § 423(d)(2)(C). Generally, a determination under § 423(d)(2)(C)'s implementing regulations, 20 C.F.R. §§ 404.1535(b) and 416.935(b), is only necessary if the ALJ has found that the sum of that individual's impairments would otherwise amount to a finding of disability. Here, no such initial determination that Fastner would otherwise be entitled to disability was made. Accordingly, the ALJ's determination with regard to § 423(d)(2)(C) was superfluous, and Fastner's argument is moot.

B.

Fastner's argument that the ALJ did not consider all medical evidence submitted by treating and examining physicians and failed to evaluate the medical finding under the "treating physician" standards is without merit as well. The record shows that the ALJ carefully examined all of the medical evidence. The ALJ

considered the opinions of the treating, examining, and consulting physicians and resolved the inconsistencies, while giving the appropriate weight to the diagnoses and medically supported opinions of Fastner's treating and examining physicians. Ultimately, the ALJ arrived at reasonable findings supported by the record as a whole.

## C.

Finally, Fastner's argument that the ALJ failed to pose a complete and precise hypothetical to the vocational expert must fail. Specifically, Fastner complains that the residual functional capacity used in the hypothetical questions was incomplete. Essentially, Fastner's complaint regarding the residual functional capacity used is a reiteration of his complaint regarding the medical evidence: Fastner is disappointed that the ALJ did not give more weight to evidence favorable to him. However, this court finds that the residual functional capacity used in the hypothetical questions posed to the vocational expert was supported by substantial evidence on the record as a whole. As a result, the hypothetical questions were thorough and supported by substantial evidence. Thus, the conclusion that there were a significant amount of jobs in the regional economy that Fastner could perform was supported by substantial evidence on the record as well.

## IV.

For the aforementioned reasons, we affirm the judgment of the district court.

A true copy.

Attest:

CLERK, U.S. COURT OF APPEALS, EIGHTH CIRCUIT.

-9-