# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 03-1209

_____

Stephen E. Brueggemann,        *
       *
         Plaintiff - Appellant,      *
       *    Appeal from the United States
       v.                   *    District Court for the
       *    Eastern District of Missouri.
Jo Anne B. Barnhart, Commissioner    *
of Social Security,             *
       *
         Defendant - Appellee.      *

_____

Submitted: September 9, 2003
Filed: November 3, 2003

_____

Before SMITH, LAY, and BRIGHT, Circuit Judges.

_____

BRIGHT, Circuit Judge.

Stephen Brueggemann appeals the district court's affirmance of the Social Security Commissioner's decision to deny his application for supplemental security income (SSI) or disability insurance benefits (SSDI). Brueggemann argues that the district court erred in affirming the Commissioner's improper use of Brueggemann's substance use disorders to discredit the opinion of his treating physician. That opinion supports Brueggemann's claim of total disability.

The central issue on appeal is how Social Security regulations dealing with alcohol abuse should be applied. As explained below, the Administrative Law Judge

(ALJ) did not follow the correct procedure for considering claims concerning alcoholism in rejecting Brueggemann's application. The Commissioner argues that any error was harmless. We disagree, and remand this case for further proceedings.

I.      BACKGROUND

Brueggemann claimed disability because of schizophrenia, depression, anxiety disorder, and a bad knee. Brueggemann's claims were denied initially and on reconsideration. Brueggemann requested and received a hearing before an ALJ who denied Brueggemann's application. The Social Security Appeals Council denied review of the ALJ's decision, resulting in a final decision of the Commissioner. Brueggemann appealed to the district court under 42 U.S.C. § 405(g), consented to jurisdiction of the magistrate judge, and that court affirmed the Commissioner's decision. We have jurisdiction over this appeal under 28 U.S.C. § 1291.

Since the alleged onset date of his disability, Brueggemann suffered steadily from serious mental illness, including severe depression, anxiety, and paranoid schizophrenia with visual and auditory hallucinations. These conditions resulted in Brueggemann's hospitalization on several occasions. Brueggemann also experienced serious difficulties with alcohol, at times consuming up to sixteen drinks in a day. The parties do not dispute that Dr. Mohinder Partap, the Veterans Administration (VA) hospital psychiatrist who had been treating Brueggemann for over a year, marked on a disability assessment form that Brueggemann's mental impairments left him no useful ability to handle stress, and that a vocational expert (VE) subsequently determined that no jobs are available to a person with that limitation. At the time of the hearing before the ALJ in July, 2000, Brueggemann testified that he had not used alcohol since May, 2000, but that his then-active symptoms included fatigue, lack of concentration, lack of motivation, anxiety, headaches, and depression.

## II. DISCUSSION

We review the magistrate judge's decision de novo. Bowman v. Barnhart, 310 F.3d 1080, 1083 (8th Cir. 2002). We review the ALJ's factual conclusions to determine whether substantial evidence on the record as a whole supports his decision. Hildebrand v. Barnhart, 302 F.3d 836, 838 (8th Cir. 2002). We do not defer to the ALJ's legal conclusions. See Hutchison ex rel. Hutchison v. Chater, 99 F.3d 286, 288 (8th Cir. 1996); Howard ex rel. Wolff v. Barnhart, 341 F.3d 1006, 1014-15 (9th Cir. 2003); Binion ex rel. Binion v. Chater, 108 F.3d 780, 782 (7th Cir. 1997); Cornelius v. Sullivan, 936 F.2d 1143, 1145-46 (11th Cir. 1991). To the extent that Brueggemann attacks the ALJ's procedure, rather than the sufficiency of evidence, he states an allegation of legal error that we review de novo.

### A. The ALJ's Decision

The ALJ purported to follow the standard five-step procedure to determine whether Brueggemann satisfied the Social Security disability standards. Jones v. Barnhart, 335 F.3d 697, 699 (8th Cir. 2003); 20 C.F.R. § 404.1520. He first determined that Brueggemann qualified for consideration. The ALJ next decided that Brueggemann's limitations met the standard for severe impairments at step two. In step three, the ALJ found that Brueggemann's impairments did not match or equal a listed disability. In the fourth step, the ALJ considered the medical and subjective evidence on record, including hospital notes and medical reports from both Brueggemann's treating physician and a consulting physician appointed by the ALJ.

The ALJ ruled that "[u]nder the current statutory scheme the use/abuse of drugs and alcohol and the consequent affects [sic] are not permitted to be used to form a basis for disability. Thus, little if any weight is given to the opinion of the treating psychiatrist that the claimant has poor or no ability to deal with stress." Add. at A-6. This conclusion led the ALJ to exclude the evidence of disability presented by

Brueggemann's treating specialist from the hypothetical posed to the VE. Based on that restricted hypothetical, the VE reported to the ALJ that Brueggemann would be able to do both his previous job as a restaurant grill operator and other widely available jobs. The ALJ concluded that Brueggemann had failed to prove his disability at either step four or step five because Brueggemann's limitations would not prevent him from performing his past work (step four) or other widely available work (step five). We locate the ALJ's error at step four, where he discredited the evidence from Brueggemann's treating physician as a matter of law. This legal conclusion to exclude essential evidence left the remainder of the ALJ's five-step evaluation as a decision without the necessary factual foundation and constitutes legal error.

B. Procedures for Alcohol-Related Claims

Since certain 1996 amendments to the Social Security Act, if alcohol or drug abuse comprises a contributing factor material to the determination of disability, the claimant's application must be denied. 42 U.S.C. § 423(d)(2)(C); 20 C.F.R § 404.1535.[1] The burden of proving that alcoholism was not a contributing factor material to the disability determination falls on Brueggemann. Estes v. Barnhart, 275 F.3d 722, 725 (8th Cir. 2002), citing Mittlestedt v. Apfel, 204 F.3d 847, 852 (8th Cir. 2000). However, the ALJ retains the responsibility of developing a full and fair record in the non-adversarial administrative proceeding. Hildebrand, 302 F.3d at 838.

If the ALJ is unable to determine whether substance use disorders are a contributing factor material to the claimant's otherwise-acknowledged disability, the claimant's burden has been met and an award of benefits must follow. See Social Security Administration Emergency Teletype, No. EM-96-94 at Answer 29 (Aug. 30,

---

[1]The relevant statutory provision states, "An individual shall not be considered to be disabled for purposes of this subchapter if alcoholism or drug addiction would (but for this subparagraph) be a contributing factor material to the Commissioner's determination that the individual is disabled." 42 U.S.C. § 423(d)(2)(C).

1996), quoted in Fastner v. Barnhart, 324 F.3d 981, 986 (8th Cir. 2003); Dru Stevenson, Should Addicts Get Welfare?: Addiction & SSI/SSDI, 68 Brook. L. Rev. 185, 194 & nn.47-49 (2002). In colloquial terms, on the issue of the materiality of alcoholism, a tie goes to Brueggemann.

Undeniably, the ALJ's decision did not reflect the Commissioner's regulations outlining how to account for substance use disorders in disability determination proceedings. See 20 C.F.R. § 404.1535; Frank S. Bloch, Bloch on Social Security § 3.39 (2003) ("A finding of disability is, in effect, a 'condition precedent' to applying the special rule on alcoholism and drug addiction"). The Commissioner concedes in her brief that the ALJ's procedure did not strictly match her own regulations[2] and our precedents, arguing instead that the error was one of "opinion writing" rather than law.

---

[2]See, e.g., 20 C.F.R. § 404.1535(b):

> (b) Process we will follow when we have medical evidence of your drug addiction or alcoholism.
> (1) The key factor we will examine in determining whether drug addiction or alcoholism is a contributing factor material to the determination of disability is whether we would still find you disabled if you stopped using drugs or alcohol.
> (2) In making this determination, we will evaluate which of your current physical and mental limitations, upon which we based our current disability determination, would remain if you stopped using drugs or alcohol and then determine whether any or all of your remaining limitations would be disabling.

(emphasis added). This language plainly requires the existence of a "current disability determination" before the substance use disorders are even considered.

-5-

In truth, the ALJ's failure to cite 20 C.F.R. § 404.1535 anywhere in his decision was not a mere drafting oversight, but accurately reflected his failure to follow the procedures prescribed there. The Commissioner has duly promulgated regulations in this area, which the ALJ may not silently disregard.[3] See 20 C.F.R. § 404.1535 (mandating procedures for consideration of substance use disorders); 20 C.F.R. § 404.1527 (mandating procedures for evaluating physicians' opinions); 20 C.F.R. § 404.1520a (mandating procedures for evaluating mental illness).

The plain text of the relevant regulation requires the ALJ first to determine whether Brueggemann is disabled. 20 C.F.R. § 404.1535(a) ("If we find that you are disabled and have medical evidence of your drug addiction or alcoholism, we must determine whether your drug addiction or alcoholism is a contributing factor material to the determination of disability." (emphasis added)). The ALJ must reach this determination initially, as the ALJ did in Fastner v. Barnhart, 324 F.3d 981, 986 (8th Cir. 2003), using the standard five-step approach described in 20 C.F.R. § 404.1520 without segregating out any effects that might be due to substance use disorders.[4]

---

[3]On this appeal, the Commissioner relies primarily on Jackson v. Apfel, 162 F.3d 533 (8th Cir. 1998), to show how an ALJ ordinarily should consider substance use disorders, suggesting that the ALJ's decision here basically complied with Jackson. However, Jackson does not help, as that case did not specifically address what procedures would be necessary. Jackson held that because the claimant could not satisfy the more lenient standards in place before 1996, he would not be able to satisfy the later, more stringent, standards, whatever procedure was applied by the ALJ. Id. at 537-38. Therefore, the Jackson court did not need to articulate an appropriate post-1996 procedure, and indeed, did not.

[4]In Fastner, we affirmed the ALJ's determination that even with the effects of alcoholism included, the claimant could not show disability. Fastner did not address what procedure is required when a claimant succeeds in the initial five steps. However, our holding today reaffirms our conclusion in Fastner that the proper approach requires the ALJ not to exclude the effects of substance use disorders until after a preliminary finding of disability has been reached.

Ball v. Massanari, 254 F.3d 817, 821 (9th Cir. 2001). The ALJ must base this disability determination on substantial evidence of Brueggemann's medical limitations without deductions for the assumed effects of substance use disorders. The inquiry here concerns strictly symptoms, not causes, and the rules for how to weigh evidence of symptoms remain well established. Substance use disorders are simply not among the evidentiary factors our precedents and the regulations identify as probative when an ALJ evaluates a physician's expert opinion in the initial determination of the claimant's disability. See 20 C.F.R. § 404.1527.

If the gross total of a claimant's limitations, including the effects of substance use disorders, suffices to show disability, then the ALJ must next consider which limitations would remain when the effects of the substance use disorders are absent. Pettit v. Apfel, 218 F.3d 901, 903 (8th Cir. 2000); 20 C.F.R. § 404.1535(b)(2). We have previously noted that when the claimant is actively abusing alcohol or drugs, this determination will necessarily be hypothetical and therefore more difficult than the same task when the claimant has stopped. Pettit, 218 F.3d at 903. Even though the task is difficult, the ALJ must develop a full and fair record and support his conclusion with substantial evidence on this point just as he would on any other.[5]

Only after the ALJ has made an initial determination that 1) Brueggemann is disabled, 2) determined that drug or alcohol use is a concern, and 3) obtained substantial evidence on the record showing what limitations would remain in the absence of alcoholism or drug addiction, may he then reach a conclusion on whether Brueggemann's substance use disorders are a contributing factor material to the determination of disability. If this process proves indeterminate, an award of benefits must follow. The alternative procedure adopted by the ALJ in this case remains

_____

[5]As we discuss in the text, the record reflects that Brueggemann had ceased drinking by the time of the hearing, and had lengthy periods of sobriety during the relevant time period.

inconsistent with the regulations binding on claimants, the ALJs, and this court.  The ALJ's decision reflects legal error.

C.    Harmless Error or Not

The Commissioner asserts that any legal error was harmless, because Brueggemann's alcoholism caused the mental health limitations of which he complains.  Therefore, even if the ALJ had followed the required procedure, the ALJ would have found alcoholism as a contributing factor material to the determination of disability.  We disagree.

The nature of the ALJ's abbreviated decision-making on the alcoholism issue deprives us (and the Commissioner) of a solid record on this point.  However, we note that the evidence suggesting Brueggemann's disability independent of any alcohol abuse carries multiple indicia of reliability.  For example, the report and notes from Dr. Partap, Brueggemann's treating physician and a specialist in psychiatry, rested on over a year's worth of frequent interaction with Brueggemann, comported with evidence from Dr. Shuman (the Commissioner's chosen examiner), and matched Brueggemann's own testimony describing his symptoms.  We remark further that Brueggemann required in-patient hospitalization on several occasions when the record indicates his sobriety.  For example, in late June, 1999, Brueggemann may have abstained from alcohol for the previous nine months, yet the VA psychiatrists admitted him to the hospital to treat his depression and did not discharge Brueggemann until five days later.  One year later, in June of 2000, some evidence suggests that Brueggemann had maintained his sobriety for the previous three months, yet again VA doctors treated his hallucinations and homicidal thoughts as meriting hospitalization. On discharge (after four days of in-patient treatment, during which one assumes hospital staff did not permit Brueggemann any alcohol), Dr. Partap assigned a Global Assessment of Functioning (GAF) score of 50 to Brueggemann.  This GAF score reflects serious limitations in the patient's general

ability to perform basic tasks of daily life, and the record shows that the VE considered a claimant with a GAF of 50 unable to find any work.

In light of this evidence, we cannot determine whether the ALJ would have reached the same decision denying benefits, even if he had followed the proper procedure by giving due weight to the medical evidence without factoring in Brueggemann's alcoholism. Therefore, the legal error was not harmless.

III. CONCLUSION

We reverse and remand to the district court, which in turn should remand to the Commissioner for further administrative proceedings and for reconsideration of Brueggemann's claims in a manner consistent with this opinion. On remand, the ALJ may reopen the present record and accept any additional evidence deemed appropriate.

_____