# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 04-1193

_____

| | | |
|---|---|---|
| Zachary C. Talley, | * | |
| | * | |
| Appellant, | * | |
| | * | Appeal from the United States |
| v. | * | District Court for |
| | * | Western District of Missouri |
| Jo Anne B. Barnhart, | * | |
| | * | [UNPUBLISHED] |
| Appellee. | * | |

_____

Submitted: September 16, 2004
Filed: October 18, 2004

_____

Before MURPHY, McMILLIAN and BENTON, Circuit Judges.

_____

PER CURIAM.

Zachary C. Talley appeals from a final order entered in the United States District Court[1] for the Western District of Missouri denying his application for disability benefits and supplemental security income (SSI) benefits. For reversal, Talley argues that the administrative law judge (ALJ) erred in finding that he has the residual functional capacity to perform a limited range of light work. For the reasons discussed below, we affirm the judgment of the district court.

_____

[1]The Honorable Nanette K. Laughrey, United States District Judge for the Western District of Missouri.

The district court had jurisdiction over this application for benefits under 42 U.S.C. § 405(g). We have jurisdiction under 28 U.S.C. § 1291.

Talley alleged that he was unable to work due to liver disease, hypertension, internal bleeding, depression, and alcoholism. His claim was denied initially and upon reconsideration. Following a hearing at which Talley and his former employer testified, the ALJ found that he was disabled but that chronic alcoholism was a contributing factor material to his disability. For that reason, Talley could not be considered disabled. See 42 U.S.C. § 423(d)(2)(C) (individual will not be considered disabled if alcoholism or drug addiction is a contributing factor material to disability); 20 C.F.R. § 404.1535; see, e.g., Brueggemann v. Barnhart, 348 F.3d 689 (8th Cir. 2003). The Appeals Council denied review, and the ALJ's decision became the final administrative decision. Talley then filed this action for judicial review in the district court. The district judge found that the ALJ's decision was supported by substantial evidence on the record as a whole and affirmed the denial of benefits.

Talley was a building maintenance and landscaping worker at a nursing home for over 12 years. In 1993 he suffered a work-related back injury and had back surgery. He was later injured in a car accident in 1998. He admitted that he is an alcoholic, but he testified that he stopped drinking in April 2000. He testified that he is receiving counseling and attends Alcoholics Anonymous meetings twice a week. He testified that his main problem was his back and complained of severe back pain. He testified that he has had physical therapy and has been prescribed pain and anti-anxiety medication. He also complained of numbness in his neck and right arm. He also testified that he has had gastrointestinal problems, including internal bleeding, and liver problems. He testified that he only sleeps a few hours at night and that he is tired during the day. He testified that he cannot walk a lot or stand for long periods of time, and that he can do little lifting..

Talley also testified that the pain medication interferes with his concentration, causes him to become confused, and makes him tired.  He also testified that he has severe depression and takes prescription medication.  He believes that his depression is due to his back condition and his inability to work as well as the recent deaths of several family members.  He testified that he experiences anxiety attacks and impaired memory.  He can take care of his personal needs and do some light housework; he reads and watches TV.

The medical evidence was extensive. Talley has been treated for back pain and depression.  Medical records show that he has been treated frequently for serious problems associated with his chronic alcohol abuse, such as gastrointestinal bleeding, kidney failure, hepatitis, hypertension, and fractures due to falls.  Medical reports show that he was dependent upon prescription pain and anti-anxiety medication and that he admitted drinking alcohol since he was 12 years old and that, before he quit drinking, he drank as much as a fifth of alcohol per day.

The ALJ found that Talley had not engaged in substantial gainful activity since 1993 (when he injured his back at work) and that he was disabled when his chronic alcoholism was considered. However, because his alcoholism was a contributing factor material to his disability, the ALJ concluded that, without consideration of his alcoholism, Talley did not have an impairment or combination of impairments that met the requirements of any listed impairment.  The ALJ also found that Talley and his former employer were not credible with respect to his functional limitations or subjective complaints.

The ALJ found that Talley could not perform his past relevant work as a building maintenance and landscaping worker but that he had the residual functional capacity to perform a limited range of light work. The ALJ applied limitations as to lifting, standing or walking, stooping or bending, use of left leg and right arm and leg, moderate difficulty in workplace interaction with co-workers or supervisors or the

general public, and mild deficiencies of concentration, persistence and pace. A vocational expert testified that an individual with Talley's vocational profile and residual functional capacity to perform a limited range of light work, but not his chronic alcoholism, could perform jobs that existed in the national economy in significant numbers, such as security system monitor, duplicating machine operator and automatic film machine operator.

The district court granted summary judgment in favor of the government, affirming the decision of the ALJ. The district court found that the ALJ properly discounted the credibility of Talley and his former employer, noting in particular Talley's inconsistent statements about his work history, his education and his prescription drug use for pain and anxiety. The district court then considered Talley's alcohol abuse and agreed with the ALJ that Talley's claimed impairments would not be disabling but for his alcohol abuse. The district court also agreed with the ALJ that Talley had the residual functional capacity to perform light work, as limited by the exertional and non-exertional limitations that the ALJ found to be credible, and that the hypothetical question posed to the vocational expert properly included only the limitations that the ALJ found to be credible. This appeal followed.

For reversal, Talley argues that the medical evidence in the record does not support the ALJ's finding that he has the residual functional capacity to perform a limited range of light work. Talley argues that the ALJ improperly speculated, without any supporting medical evidence, that his mental impairments would improve if he stopped drinking. The ALJ's assessment was to a certain degree speculative, but we think permissibly so under the circumstances. See Brueggemann v. Barnhart, 348 F.3d at 695 (noting consideration of which limitations would remain when effects of substance use disorders are absent is necessarily hypothetical (and more difficult) when claimant is actively abusing alcohol). The ALJ's assessment is supported by substantial evidence in the record as a whole, including the medical evidence that showed that most of Talley's health problems are due to alcoholism and would

improve if he stopped drinking. The medical evidence showed that his most serious physical problems, as well as his depression and anxiety disorder, improved with detoxification treatment and when he stopped drinking.

Accordingly, we affirm the judgment of the district court.

_____