# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 09-2831

_____

Christopher C. Kluesner,　　　　　　　*
　　　　　　　　　　　　　　　　　　*
　　　　　　Appellant,　　　　　　　　*
　　　　　　　　　　　　　　　　　　*　Appeal from the United States
　　　v.　　　　　　　　　　　　　　*　District Court for the Northern
　　　　　　　　　　　　　　　　　　*　District of Iowa.
Michael J. Astrue, Commissioner of　　*
Social Security,　　　　　　　　　　*
　　　　　　　　　　　　　　　　　　*
　　　　　　Appellee.　　　　　　　　*

_____

Submitted: April 15, 2010
Filed: June 10, 2010

_____

Before RILEY, Chief Judge, COLLOTON and BENTON, Circuit Judges.

_____

BENTON, Circuit Judge.

Christopher Charles Kluesner appeals the judgment of the district court[1] upholding the Commissioner of Social Security's denial of his application for disability insurance benefits and supplemental security income. Having jurisdiction under 28 U.S.C. § 1291, this court affirms.

_____

[1]The Honorable Jon Stuart Scoles, United States Magistrate Judge for the Northern District of Iowa, sitting with the consent of the parties pursuant to 28 U.S.C. § 636(c).

I.

Kluesner sought benefits, claiming he was unable to work due to schizophrenic disorder and major depressive disorder. He has not engaged in substantial gainful activity since July 3, 2003. His medical history begins in May 2004, when he met Jan Lombardi, a licensed mental health counselor, for an intake interview and assessment at the Gannon Mental Health Center. He reported suffering for years from depressive symptoms (poor sleep, fatigue, lack of motivation, passive suicidality), and smoking marijuana five times a week. He had been using marijuana since he was 15. Lombardi diagnosed Kluesner with major depressive disorder, dysthymic disorder (a type of chronic depression), cannabis dependence, and personality disorder with anti-social personality features. She also gave him a Global Assessment of Functioning (GAF)–a 0-100 score given by mental-health professionals to subjectively rate the social, occupational, and psychological function of adults–of 45. Lombardi recommended that he stop using marijuana.

One month later, Kluesner met with Afshin Shirani, M.D. Dr. Shirani diagnosed him with cannabis dependence and substance-induced mood disorder, and gave him a GAF score of 50. He recommended that Kluesner stop using marijuana and prescribed Fluoxetine (Prozac).

Dr. Shirani met with Kluesner periodically until July 23, 2005. Kluesner sometimes admitted but sometimes denied using marijuana. In November 2004, Shirani opined: "It is unlikely that [Kluesner's] symptoms are explained by his cannabis abuse as he seems to have been low functioning even before he started using cannabis heavily." Dr. Shirani ultimately diagnosed him with schizophrenia, aggravated by substance abuse. During their final visit, Dr. Shirani noted that Kluesner "continues to smoke cannabis frequently; he states once in a while, but his father states every day." He reminded Kluesner that "cannabis aggravates his

condition but he seems unable to reduce or terminate his cannabis use. He is not likely to benefit from substance abuse treatment given his negative symptoms."

In September 2005, Dee E. Wright, Ph. D., reviewed Kluesner's medical records for a "Psychiatric Review Technique" assessment and a mental "Residual Functional Capacity" (RFC) assessment. On the Psychiatric Review, she diagnosed Kluesner with schizophrenia, mood disorder, anti-social personality disorder, and cannabis dependence. On the mental RFC, she determined that Kluesner faced marked restriction in the activities of daily living, marked difficulties in maintaining social functioning, and moderate difficulties in maintaining concentration, persistence, or pace, and was limited in his ability to carry out detailed instructions, maintain attention and concentration for extended periods, get along with co-workers, and respond to changes in the work setting. Dr. Wright concluded that although Kluesner's medically determinable mental impairments do create severe limitations, he has a long history of noncompliance with both his medication regimen and abstinence from marijuana. Specifically, she noted that his use of marijuana contributes materially to his dysfunction, and if he were to abstain from marijuana and alcohol, he could return to work, with the limitations outlined in the RFC.

In November 2005, a nurse practitioner at the Gannon Center reviewed Kluesner's medications. He denied any current alcohol or marijuana use, and the nurse practitioner diagnosed him with undifferentiated schizophrenia and cannabis dependence in remission. In August 2006, Kluesner sought psychiatric care at Hillcrest Mental Health Center (the Gannon Center's successor). The progress note indicated a diagnosis of undifferentiated schizophrenia and cannabis dependence in remission. The diagnosis remained substantially the same for his November 2006, July 2007, and August 2007 visits.

Kluesner applied for both disability insurance benefits and SSI in December 2004, which were denied in February 2005. He did not appeal, but filed again for

both benefits in August 2005, which were denied. Kluesner eventually requested a hearing, which took place on August 16, 2007. In his decision, the ALJ denied Kluesner's claims, reasoning that if he refrained from marijuana abuse, he would be able to perform his past relevant work as a machine set-up operator and a farm laborer. Because the appeals council denied review, the ALJ's decision is the Commissioner's final decision.

The district court ruled that the conclusions of the ALJ are supported by substantial evidence, finding specifically that the ALJ (1) correctly determined that substance abuse was a contributing factor material to Kluesner's disability, and (2) properly made a credibility determination regarding Kluesner's subjective claims of disability. Kluesner appeals, arguing that the ALJ (1) wrongly concluded that drug abuse was a contributing factor material to his disability, and (2) improperly evaluated the credibility of his testimony that he had stopped using marijuana.

II.

This court reviews "de novo a district court decision upholding the denial of social security benefits." *Bowman v. Barnhart*, 310 F.3d 1080, 1083 (8th Cir. 2002). It "will uphold the Commissioner's decision if it is supported by substantial evidence on the record as a whole." *Finch v. Astrue*, 547 F.3d 933, 935 (8th Cir. 2008). "Substantial evidence is less than a preponderance but is enough that a reasonable mind would find it adequate to support the conclusion." *Id.* (internal quotation marks omitted). "This standard of review requires us to consider the evidence that supports the Commissioner's decision as well as the evidence that detracts from it." *Id.* "That we would have come to a different conclusion, however, is not a sufficient basis for reversal." *Id.* "If, after review, we find it possible to draw two inconsistent positions from the evidence and one of those positions represents the Commissioner's findings, we must affirm the denial of benefits." *Id.*

In determining whether Kluesner was disabled, the ALJ applied the five-step sequential evaluation in the social security regulations. *See* 20 C.F.R. § 404.1520(a)(4)(i)-(v) (disability insurance benefits); 20 C.F.R. § 416.920(a)(4)(i)-(v) (supplemental security income); ***Bowen v. Yuckert***, 482 U.S. 137, 140-42 (1987); ***Robson v. Astrue***, 526 F.3d 389, 392 (8th Cir. 2008). The ALJ first determines if the claimant is engaged in substantial gainful activity. If so, the claimant is not disabled. Second, the ALJ determines whether the claimant has a severe medical impairment that has lasted, or is expected to last, at least 12 months. Third, the ALJ considers the severity of the impairment, specifically whether it meets or equals one of the listed impairments. If the ALJ finds a severe impairment that meets the duration requirement, and meets or equals a listed impairment, then the claimant is disabled. However, the fourth step asks whether the claimant has the residual functional capacity to do past relevant work. If so, the claimant is not disabled. Fifth, the ALJ determines whether the claimant can perform other jobs in the economy. If so, the claimant is not disabled.

The ALJ's inquiry is complicated by Kluesner's long history of marijuana abuse. Congress eliminated alcoholism or drug addiction as a basis for obtaining social security benefits. Pub. L. No. 104-121, 110 Stat. 852-56 (1996). "An individual shall not be considered disabled for purposes of this title if alcoholism or drug addiction would (but for this subparagraph) be a contributing factor material to the Commissioner's determination that the individual is disabled." 42 U.S.C. 423(d)(2)(C) (disability insurance benefits). *See also* 42 U.S.C. 1382c(a)(3)(J) (supplemental security income). The claimant has the burden to prove that alcoholism or drug addiction is not a contributing factor. ***Estes v. Barnhart***, 275 F.3d 722, 725 (8th Cir. 2002). "If the ALJ is unable to determine whether substance use disorders are a contributing factor material to the claimant's otherwise-acknowledged disability, the claimant's burden has been met and an award of benefits must follow." ***Brueggemann v. Barnhart***, 348 F.3d 689, 693 (8th Cir. 2003). In other words, on the materiality of his marijuana abuse, a tie would go to Kluesner. *See **id.***

-5-

In the case of alcoholism and drug addiction, an ALJ must first determine if a claimant's symptoms, regardless of cause, constitute disability. *Id.* at 694 (citing 20 C.F.R. § 404.1535(a)) (disability insurance benefits). *See also* 20 C.F.R. § 416.935 (supplemental security income). If the ALJ finds a disability and evidence of substance abuse, the next step is to determine whether those disabilities would exist in the absence of the substance abuse. *Id.* at 694-95. When a claimant is actively abusing drugs, this inquiry is necessarily hypothetical, and thus more difficult than if the claimant had stopped. *Id.*

At the first step of the five-step evaluation, the ALJ determined that Kluesner had not engaged in substantial gainful activity since his alleged disability onset date. Next, the ALJ concluded that he had three severe medical impairments that limit his ability to perform work, "schizophrenic disorder, major depressive disorder, and drug and alcohol abuse, currently in remission." The ALJ then determined that Kluesner's symptoms, regardless of cause, constituted disability.

At the third step, however, the ALJ found that in the absence of substance abuse, Kluesner does not have an impairment or combination of impairments that meet or medically equal any listed impairment. At the fourth step, the ALJ determined that in the absence of substance abuse, Kluesner would have the residual functional capacity to perform his past relevant work. Thus, the ALJ concluded that, in the absence of substance abuse, Kluesner was not disabled within the meaning of the Social Security Act between July 3, 2003, and August 16, 2007.

Kluesner argues that the ALJ erred in concluding that his marijuana use was a contributing factor material to a finding of disability. Specifically, he contends that the ALJ's finding that his substance abuse was "in remission" at the time of the hearing is inconsistent with the ALJ's finding that substance abuse was a contributing factor material to his disabilities during the relevant period.

To the contrary, substantial evidence in the record supports the ALJ's findings. The record is clear that Kluesner abused marijuana from July 3, 2003 (the beginning of the relevant period), until at least November 2005. Nearly all the medical evidence in the record is from this time. Dr. Shirani noted that marijuana abuse aggravates his schizophrenia and depression. Dr. Wright stated that his use of marijuana contributes materially to his dysfunction, and if he were to abstain from marijuana and alcohol, he could return to work, with the limitations outlined in the RFC. Thus, even though Kluesner's substance abuse was in remission at the time of the hearing, it was not for much of the relevant period. *See Vester v. Barnhart*, 416 F.3d 886, 890 (8th Cir. 2005) (denying benefits to claimant who had been sober for five months at the time of the hearing, but was not for much of the relevant period). Moreover, the medical records from the period that he used marijuana are substantial evidence that his substance abuse was a contributing factor material to his disability.

Similarly, Kluesner asserts that the ALJ's finding that he was "disabled," despite his one-and-a-half years of abstinence from marijuana, is inconsistent with the ALJ's finding that substance abuse is a contributing factor material to his disability. However, the ALJ is required first to consider whether a claimant is disabled, regardless of cause, before determining whether substance abuse was a contributing factor. *See Brueggemann*, 348 F.3d at 693. The ALJ's initial finding that Kluesner's symptoms, regardless of cause, constituted disability does not preclude an ultimate finding that substance abuse was a contributing factor simply because Kluesner was not abusing marijuana at the time of the hearing.

Kluesner next contends that Dr. Shirani's statement, "[i]t is unlikely that [his] symptoms are explained by his cannabis abuse," warrants a finding that marijuana abuse was not a contributing factor material to his disability. While this statement supports Kluesner's position, the majority of the evidence in the record supports the Commissioner. "If, after review, we find it possible to draw two inconsistent

positions from the evidence and one of those positions represents the Commissioner's findings, we must affirm the denial of benefits." *Finch*, 547 F.3d at 935.

Finally, Kluesner argues that the ALJ, by finding that his substance abuse was a contributing factor material to his disability, implicitly rejected his testimony that he had stopped using marijuana, without conducting a proper credibility analysis. This argument is without merit. The ALJ did not reject Kluesner's testimony that he had stopped using marijuana; in fact, he found that his substance abuse was "in remission."

III.

The judgment of the district court is affirmed.

_____