# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 10-3194

_____

Gary Collins,                                    *
                                                 *
            Appellant,                           *
                                                 *   Appeal from the United States
      v.                                         *   District Court for the Eastern
                                                 *   District of Arkansas.
Michael J. Astrue, Commissioner
of Social Security,                              *
                                                 *
            Appellee.                            *

_____

Submitted: April 12, 2011
Filed: August 9, 2011

_____

Before RILEY, Chief Judge, BENTON and SHEPHERD, Circuit Judges.

_____

SHEPHERD, Circuit Judge.

Gary Collins appeals the district court's order, which affirmed the decision of the Commissioner of the Social Security Administration (Commissioner) denying Collins' application for disability insurance benefits (DIB) under Title II of the Social Security Act. See 42 U.S.C. § 401 et seq. We reverse the district court's order and instruct the district court to remand the case to the Commissioner for further proceedings consistent with this opinion.

On October 30, 2006, Collins applied for DIB benefits.[1]  After his application was denied both initially and upon reconsideration, Collins requested a hearing before an Administrative Law Judge (ALJ).

At the hearing, the ALJ heard testimony from Collins and a vocational expert. In his written decision, the ALJ found that Collins had not engaged in substantial gainful employment since his alleged disability onset date; Collins suffers from untreated sleep apnea, chronic lumbar strain with myofacial pain, post-operative biceps tendon pain, osteoarthritis, fibromyalgia, and hypertension but does not have an impairment or combination of impairments listed in or medically equal to one listed in Appendix 1, Subpart P, Regulations 4; Collins' subjective allegations of pain and limitation were not fully credible; Collins retains the residual functional capacity (RFC) to perform sedentary work activity; Collins is unable to perform his past relevant work; and Collins possesses skills transferable to sedentary jobs which exist in significant numbers in the national economy.  The ALJ therefore concluded that Collins was not under a disability at any time from the alleged onset date through the date of the decision.

The Appeals Council declined to hear the case, making the ALJ's decision the final decision of the Commissioner.  The district court affirmed the Commissioner's final decision.  Collins now appeals, arguing that the ALJ committed legal error by failing to correctly apply the requisite five-step sequential evaluation process.[2]

---

[1]Although Collins alleged in his application an onset date for his disability of April 2004, at oral argument his attorney stated that "probably a better onset date is March 2006."  Either date falls within the period of Collins' Social Security disability insurance coverage.

[2]The five step sequential evaluation in 20 C.F.R. § 404.1520(a)(4) reads:

II.

"When considering whether the ALJ properly denied social security benefits, we determine whether the decision is based on legal error, and whether the findings of fact are supported by substantial evidence in the record as a whole." Lowe v. Apfel, 226 F.3d 969, 971 (8th Cir. 2000). Legal error may be an error of procedure, Brueggemann v. Barnhart, 348 F.3d 689, 692 (8th Cir. 2003), the use of erroneous legal standards, or an incorrect application of the law, Nettles v. Schweiker, 714 F.2d

---

(i) At the first step, we consider your work activity, if any. If you are doing substantial gainful activity, we will find that you are not disabled. . . .

(ii) At the second step, we consider the medical severity of your impairment(s). If you do not have a severe medically determinable physical or mental impairment that meets the duration requirement in § 404.1509, or a combination of impairments that is severe and meets the duration requirement, we will find that you are not disabled. . . .

(iii) At the third step, we also consider the medical severity of your impairment(s). If you have an impairment(s) that meets or equals one of our listings in appendix 1 of this subpart and meets the duration requirement, we will find that you are disabled. . . .

(iv) At the fourth step, we consider our assessment of your residual functional capacity and your past relevant work. If you can still do your past relevant work, we will find that you are not disabled. . . .

(v) At the fifth and last step, we consider our assessment of your residual functional capacity and your age, education, and work experience to see if you can make an adjustment to other work. If you can make an adjustment to other work, we will find that you are not disabled. If you cannot make an adjustment to other work, we will find that you are disabled. . . .

833, 836 (8th Cir. 1983). "Whether the ALJ based his decision on a legal error is a question we review de novo." Juszczyk v. Astrue, 542 F.3d 626, 633 (8th Cir. 2008).

An ALJ commits legal error if the ALJ fails to correctly follow the sequential evaluation process. See Goff v. Barnhart, 421 F.3d 785, 789-90 (8th Cir. 2005) (stating that the Commissioner is required to follow the five-step sequential evaluation process in assessing disability claims). At step five in the process, the ALJ must determine if the claimant can make an adjustment to other work. See 20 C.F.R. § 404.1520(a)(4)(v). Where a claimant does not suffer from nonexertional impairments or where such impairments "do not diminish or significantly limit the claimant's residual functional capacity to perform the full range of Guideline-listed activities," the Commissioner may conduct this inquiry by consulting the Medical-Vocational Guidelines (the Grids). Ellis v. Barnhart, 392 F.3d 988, 996 (8th Cir. 2005) (quotation omitted). However, "where the claimant suffers from a nonexertional impairment such as pain, the ALJ must obtain the opinion of a vocational expert instead of relying on the Medical-Vocational Guidelines." Baker v. Barnhart, 457 F.3d 882, 894 (8th Cir. 2006). "Testimony from a vocational expert is substantial evidence only when the testimony is based on a correctly phrased hypothetical question that captures the concrete consequences of a claimant's deficiencies." Cox v. Astrue, 495 F.3d 614, 620 (8th Cir. 2007).

## III.

In this case, the ALJ neither consulted the Grids nor posed a hypothetical question to the vocational expert. Because the ALJ apparently discredited Collins' subjective complaints and concluded that Collins possessed the RFC to perform the full range of sedentary work activity, the ALJ presumably could have resolved the claim by reference to the Grids. However, the ALJ's written decision does not reference the Grids, let alone indicate that the Grids were consulted. If, on the other hand, the ALJ credited Collins' subjective complaints of pain and limitation, the ALJ

was required to obtain the opinion of a vocational expert by posing a hypothetical question that contained an accurate statement of Collins' subjective limitations. Cox, 495 F.3d at 620. Because the ALJ's questioning of the vocational expert did not include such a hypothetical question, the Commissioner's decision is not supported by the vocational expert's opinion.

The Commissioner concedes that the ALJ neither cited the Grids nor posed a hypothetical question to the vocational expert. The Commissioner nonetheless argues the ALJ did not commit reversible error at step five because the Grids would have directed a finding of no disability had the ALJ consulted them. Thus, the Commissioner contends the ALJ's failure to reference the Grids had no bearing on the outcome of the case. Further, characterizing the lack of reference to the Grids as a "deficiency in opinion writing," the Commissioner urges us to find that the ALJ implicitly referenced the Grids because the ALJ's findings and questions posed to the vocational expert exactly track the appropriate analysis under the Grids. We reject this argument. Although it is true that "an arguable deficiency in opinion-writing technique does not require us to set aside an administrative finding when that deficiency had no bearing on the outcome," Hepp v. Astrue, 511 F.3d 798, 806 (8th Cir. 2008) (internal quotations omitted), here the failure of the ALJ to follow the mandated procedure is more than a mere oversight in opinion writing. The ALJ was required to follow one of two paths at step five of the sequential process, and there is no record indicating that the ALJ followed either path. The reviewing court will not speculate on what basis the Commissioner denied a social security disability claim.

## IV.

Accordingly, we reverse the district court's order affirming the Commissioner's decision and instruct the district court to remand the case to the Commissioner for further proceedings consistent with this opinion.[3]

_____

[3]Because we reverse the district court's decision and remand to the Commissioner for further proceedings, we do not reach Collins' argument that the ALJ's decision is not supported by substantial evidence on the record as a whole.