RILEY, Chief Judge.
RaShina Young appeals from the district court’s[1] decision affirming the Commissioner of Social Security’s denial of social security benefits. We affirm.
I. BACKGROUND
On June 17, .2008, Young applied for supplemental- security income and disability insurance benefits under the Social Security Act. Young alleged disability beginning on May 16, 2006, due to painful noncancerous tumors in her arms, leg, and feet known as osteochondromas, as well as “carpal tunnel syndrome of the right hand ..., deformity of the right forearm, and knee and back pain.” After the Commissioner initially denied Young’s claims, she sought a hearing before an administrative law judge (ALJ).
At the time of the hearing, Young was twenty-eight years old, had a tenth-grade education, and lived with her two children and parents. Young testified she is right-handed and her medical impairments caused her right hand and arm to be weak and drop many items. Young further reported she has difficulty standing or driving a vehicle long distances, and takes pain medication for her “excruciating” pain. Young stated she could carry fifteen pounds for a short period of time, but could not lift twenty pounds or more, and could stand in one place for about thirty minutes. Young also reported she commonly spends the day taking care of her thirty-pound, nineteen-month-old daughter, and does housework, cooking, and tries to walk two miles each day. Young additionally testified she was previously employed as a factory worker, a hotel maid, and a nurse’s assistant at a nursing home, but stated her disability had caused her to quit or be terminated from her jobs after May 16, 2006, because of her inability to perform the work duties.
The ALJ also considered various medical reports and the testimony of a vocational expert, who stated that a person with a residual functional capacity (RFC) to perform light work could perform Young’s past jobs of factory packer and assembler. The report of Dr. Sudhir Kumar’s general physical examination of Young indicated, besides her history of osteochondromas, Young had a deformed right forearm that moderately to severely limited her ability to handle objects. Dr. Kumar also noted, however, that Young retained other capabilities, such as full range of motion in her spine and extremities, normal muscle strength, and no sensory abnormalities. Dr. Jim Takach reported Young had the ability to lift or carry twenty pounds occasionally and ten pounds frequently, stand for six hours in an eight hour workday, and sit for six hours in an eight hour workday. Dr. Takach concluded Young “retain[ed] the ability to function with LIGHT Work limits” with the “added restriction of NO rapid repetitive” movements of the right wrist.
Evaluating Young’s claim for social security benefits pursuant to the five-step sequential evaluation process promulgated in 20 C.F.R. § 404.1520(a)(4), the ALJ determined: (1) Young “ha[d] not engaged in substantial gainful activity since May 16, 2006, the alleged onset date”; (2) Young *491 had severe impairments, including osteochondromas and right hand, post-release, carpal tunnel syndrome; (3) these impairments did not “meet[ ] or medically equal[ ] one of the listed impairments”; (4) Young had the RFC “to perform light work”; (5) Young “is capable of performing past relevant unskilled light work as a factory packer ... and ... factory assembler”; and (6) Young “ha[d] not been under a disability, as defined in the Social Security Act,” to receive social security benefits.
The Social Security Administration Appeals Council denied further review of the ALJ’s decision, and the district court affirmed. Young appeals to this court, contending the ALJ’s determination that Young could perform her past relevant work as a factory packer and assembler lacked specific findings and is not supported by substantial evidence.
II. DISCUSSION
Because the Appeals Council denied review, the ALJ’s decision is the final decision of the Commissioner. See Davidson v. Astrue, 501 F.3d 987, 989 (8th Cir. 2007). “We review the district court’s decision de novo, and will affirm if the Commissioner’s decision is supported by substantial evidence in the record as a whole.” Id. Substantial evidence is defined as “less than a preponderance but is enough that a reasonable mind would find it adequate to support the conclusion.” Kluesner v. Astrue, 607 F.3d 533, 536 (8th Cir.2010) (quoting Finch v. Astrue, 547 F.3d 933, 935 (8th Cir.2008)) (internal quotation marks omitted). While we must “consider the evidence that supports the Commissioner’s decision as well as the evidence that detracts from it,” if “we find it possible to draw two inconsistent positions from the evidence and one of those positions represents the Commissioner’s findings, we must affirm the denial of benefits.” Id. (quoting Finch, 547 F.3d at 935) (internal quotation marks omitted).
At the fourth step in the five-step sequential evaluation process for determining eligibility for social security benefits, an ALJ compares a claimant’s RFC assessment “with the physical and mental demands of [the claimant’s] past relevant work.” 20 C.F.R. § 404.1520(f). If the ALJ determines the claimant can perform her past relevant work, the claimant is not disabled. See id. In making this determination, an “ALJ has a duty to fully investigate and make explicit findings as to the physical and mental demands of a claimant’s past relevant work and to compare that with what the claimant herself is capable of doing before [the ALJ] determines that she is able to perform her past relevant work.” Nimick v. Sec’y of Health & Human Servs., 887 F.2d 864, 866 (8th Cir.1989); see also Groeper v. Sullivan, 932 F.2d 1234, 1238-39 (8th Cir.1991). Young contends the ALJ failed to discharge this duty and lacked substantial evidence to conclude Young possessed the RFC to perform her past relevant work as a factory packer and assembler given her manipulative limitations.
To begin, we reject Young’s contention to the extent she alleges the ALJ failed to develop the record or make explicit findings regarding the mental and physical demands of Young’s past relevant work as a factory packer and assembler. “The ALJ may discharge this duty by referring to the specific job descriptions in the Dictionary of Occupational Titles [ (DOT) ] that are associated with the claimant’s past work.” Pfitzner v. Apfel, 169 F.3d 566, 569 (8th Cir.1999). The ALJ expressly referred to the DOT in his decision, stating: “The claimant is capable of performing past relevant unskilled light work as a factory packer as described in *492 ... [DOT] #920.685-026 and unskilled light work as a factory assembler DOT # 795.687-014.” The vocational expert also identified the DOT numbers associated with Young’s past work as a factory packer and assembler and testified that both jobs were rated as unskilled light work. The ALJ adequately discharged his duty, and substantial evidence supports the ALJ’s conclusion in this regard.
The ALJ was next required to compare these demands of Young’s past factory work with Young’s RFC to perform light work because such a comparison “is essential to a determination that she is capable of performing her past relevant work.” Kirby v. Sullivan, 923 F.2d 1323, 1327 (8th Cir.1991). The ALJ found Young was able to work as a factory packer and assembler as those jobs are “actually and generally [performed] in the national economy.” The ALJ reached his conclusion only after “giving careful consideration” to Young’s “medically determinable impairments and their impact on her ability to perform work functions,” and identified several factors he considered, including “[t]he nature ... and intensity of any pain,” “precipitating and aggravating factors,” “pain medications” and other “treatment,” “functional restrictions,” and Young’s “daily activities.” The ALJ also considered “all the evidence related to [Young’s] prior work history, and the observations of non-medical third parties, as well as treating and examining physicians.” Although the ALJ did not expressly apply these factors to the facts of Young’s case in his written decision, the ALJ adequately compai’ed the demands of Young’s past work as a factory packer and assembler with Young’s RFC to perform light work, including with her manipulative limitations, before determining Young could perform her past relevant work. See Nimick, 887 F.2d at 866.
Substantial evidence supported this determination, notwithstanding Young’s contention that her past relevant work requires “constant and frequent reaching, handling, and fingering,” and therefore “exceed[s] the limitations identified in the RFC assessment.” Young testified before the ALJ that her daily activities included taking care of her nineteen-month-old daughter and twelve-year-old son, housekeeping, cooking, and daily trying to walk two miles. The report of Dr. Kumar indicated that, although Young’s ability to handle objects is moderately to severely limited due to her deformed right forearm, Young had normal muscle and grip strength, full range of motion in her spine and extremities, and no muscle atrophy or sensory abnormalities. Dr. Kumar further stated Young had the ability to hold a pen and write, touch her fingertips to her palm, oppose her thumb to her fingers, and pick up a coin. Dr. Takach also reported Young “retain[ed] the ability to function with LIGHT Work limits” with the “added restriction of NO rapid repetitive [flexion and extension] of the [right] wrist.” While the Commissioner concedes Young’s past relevant work as a factory packer and assembler requires “constant and frequent reaching, handling, and fingering,” those requirements do not necessarily entail rapid and repetitive movement of the right wrist or otherwise exceed Young’s documented limitations.
Based on these factors, “we find it possible to draw two inconsistent positions from the evidence” about whether Young retained the ability to perform her past relevant work despite her manipulative limitations. Kluesner, 607 F.3d at 536 (quoting Finch, 547 F.3d at 935) (internal quotation marks omitted). We conclude the ALJ had sufficient evidence on the record as a whole to reach his determination. See id.
*493 III. CONCLUSION
We affirm.

. The Honorable Joe J. Volpe, United States Magistrate Judge for the Eastern District of Arkansas, to whom the case was referred for final disposition by consent of the parties pursuant to 28 U.S.C. § 636(c).