# United States Court of Appeals

### For the Eighth Circuit

_____

No. 14-2503

_____

Sheila A. Fowler

*Plaintiff - Appellant*

v.

Carolyn W. Colvin, Acting Commissioner of Social Security

*Defendant - Appellee*

_____

Appeal from United States District Court
for the District of North Dakota - Fargo

_____

Submitted: April 7, 2015
Filed: April 23, 2015
[Unpublished]

_____

Before LOKEN, BOWMAN, and KELLY, Circuit Judges.

_____

PER CURIAM.

Sheila Fowler appeals the district court's[1] order affirming the Commissioner's denial of disability insurance benefits and supplemental security income. For reversal, Fowler argues that the Administrative Law Judge (ALJ) erred in his determination, because (1) the ALJ "substituted" his opinion for that of Fowler's treating physician and the agency's medical expert when he concluded Fowler's substance use was a contributing factor material to a finding of disability; and (2) the ALJ's residual function capacity (RFC) determination was not adequately supported and the hypothetical posed to the vocational expert (VE) was flawed, because both failed to take into account the medical expert's opinions and Fowler's neck and back pain. Following careful review of the parties' submissions and the record before us, we conclude that substantial evidence in the record as a whole supports the ALJ's disability determination. See Myers v. Colvin, 721 F.3d 521, 524 (8th Cir. 2013) (standard of review); Kluesner v. Astrue, 607 F.3d 533, 537-38 (8th Cir. 2010) (claimant has burden to prove substance addiction is not contributing factor); Goff v. Barnhart, 421 F.3d 785, 793-94 (8th Cir. 2005) (RFC assessment based on all relevant, credible evidence; hypothetical posed to VE sufficient if sets forth impairments supported by substantial record evidence and accepted as true). Accordingly, we affirm the district court's judgment. See 8th Cir. R. 47B.

_____

[1]The Honorable Karen K. Klein, United States Magistrate Judge for the District of North Dakota, to whom the case was referred for final disposition by consent of the parties pursuant to 28 U.S.C. § 636(c).